The opinion of the Court (the Chief Justice not' sitting in the cause, having been engaged in it as counsel while at the bar) was afterwards delivered as follows, by
* Sedgwick, J.
This is an action brought by the plaintiff against the defendants, who were assessors of the first parish in the town of Lynn.
The defendants were assessors of that parish in the years 180-1 and 1805. In June, 1804, they made an assessment of a parish tax duly granted ; and in November, 1805, made their warrant to the collector for its collection. The plaintiff, at the time of granting the tax, and ever since, was an inhabitant of Marblehead, and not within the parish or the town of Lynn. He was, notwithstanding, in the assessment of the defendants, taxed for a farm lying within the parish, and for certain personal property, consisting of the stock and utensils of the farm, then in the actual occupation of one Kim-ball, tenant thereof, from year to year.
There are two reasons given why the plaintiff should prevai. in this action:—
1. Because the tax ought not to have been assessed against him, but against his tenant.
2. Because the assessors, although the same persons, could not by law make the warrant in one year for a tax, which they had apportioned in a preceding year.
As to the second point I give no opinion, being decidedly in favor of the plaintiff upon the first.
•Parish assessors are to make the apportionment of their taxes according to the rules prescribed in the next preceding tax act of the legislature. In the tax act passed in 1804, by which the defendants should have governed themselves, the assessors were directed to assess, for real estate, by three descriptions:—
1. To assess on the inhabitants of the town, &c., respectively, according to the just value of the real estate possessed by each inhabitant of such town, &c., on the first day of May, in his, her, or their own right, or in the right of others, lying within such town, &c. According to this direction, it was, in my opinion, the duty of the assessors (and this by the express words of the statute) to tax all the land, actually possessed to the persons possessing the same. And as the land, for which the plaintiff was taxed, was then actually possessed by his tenant, and not by him, it could not be legally charged to him.
*377 *The 2d description of real estate to be taxed, is in [ * 429 ] these words, “Upon the owners of real estate in such town, &e., whether such owners reside within the same town or not, upon the said first day of May.” This provision (and it seems to me a reasonable one) was, in my opinion, manifestly intended to apply to such real estate, of which there is a good deal in this commonwealth, which is part of the year actually possessed, and part of the year vacant; and authorized an assessment of it to the proprietor, although he might not be in the actual occupation of it on the first day of May.
The 3d description is of the proprietors of non-resident real estate; and this extends, as the terms import, to proprietors of lands and real estate, who do not reside within the town, &c., where it lies ; and to real estate, which is not in the actual occupation of a resident within the town.
As to the personal estate of the plaintiff, if it could have been taxed to him at all, it must have been done by the town and parish where he was an inhabitant, and not at Lynn, where he was not (7).

Replication adjudged good.

 [Vide Thurston vs. Little, post, 432.—Ed.]