C. H. REXFORD ET AL. v. R. H. PHILLIPS ET AL.

(Filed 27 March, 1912.)

1. Tax Sale—Listing Lands—Tax Deeds—Interpretation of Statutes.

Lands may be sold for taxes and a valid deed made therefor only when the lands are listed according to the requirements of the statute.

2. Same—By Whom Listed—Penalties.

In 1908 the statutory requirements for listing lands for taxes were that the owners or their agents should do so under oath in a certain specified manner (Revisal, secs. 5217, 5222, 5227, and 5218) ; and upon the failure of the owner to list his lands at the appointed time, the chairman of the county commissioners should do so, in the name of the owner, giving valuation and description thereof, and charging double taxes; and with provision that if the lands have escaped taxation, the taxes shall be collected for previous years, by adding to the simple taxes of the current year all taxes due for preceding tax years, with 25 per cent interest thereon ; and these provisions must be observed.

3. Tax Sales—Tax Deeds—Perfecting Deed—Listing by Stranger—Principal and Agent.

The statutory provision for perfecting, in the sheriff's deed, an indefinite description of lands listed for taxes, applies only when there has been a listing by the owner or some other person designated by the statute, and not where it is done officiously by a stranger.

4. Tax Sales—Tax Deeds—Principal and Agent—List-taker—Interpretation of Statutes.

A list-taker of property has no statutory authority to list taxes for the owner of lands, unless it appears that such authority has been given him by the owner, and if the lands have been sold for taxes upon such a listing by the list-taker, the sheriff's deed under a sale for taxes is void. The failure of the owner to list is governed by other provisions of the statute, which do not provide for a forfeiture of the lands, but prescribe a penalty for failure to list them.

5. Same—Purchaser—Occupants—Possession—Notice.

The purchaser at the sale of lands for taxes is required to serve written notice of his purchase and of the date when the time of redemption will expire "on every person in actual possession or occupancy of the land," and also "upon every person

having a mortgage or deed of trust thereon, recorded in the county, if by diligent inquiry he can be found," requiring notice by publication if actual service cannot be had. Hence, where notice by publication is attempted, and direct notice may readily have been given, or where there is a registered deed of trust and various occupants of several tracts of the land, all of whom may readily have been served with direct notice, and were not, the purchaser of the lands is not entitled to a deed therefor from the sheriff, though proper notice may have been given to one or more of those in actual possession for the owner. Revisal, sec. 2903.

6. **Tax Sales—Tax Deeds—Principal and Agent—Notice to Occupants—Purchaser.**

The failure of the purchaser of lands sold for taxes to give the notice required by Revisal, sec. 2903, is a fatal defect which will invalidate his deed from the sheriff, for without proper notice the purchaser is not entitled to his deed.

7. **Same—Prima Facie Evidence—Interpretation of Statutes.**

Before a purchaser of lands sold for taxes is entitled to his deed from the sheriff, he must make affidavit that he has complied with the requirement of notice (Revisal, sec. 2903), setting forth therein particularly the facts showing such compliance, which must be delivered to the sheriff, before he executes the deed, and filed by him with the register of deeds for registration. It then becomes *prima facie* evidence that the notice has been given. Revisal, 2904.

8. **Same—Evidence—Presumptions.**

The statutory notice required to be given by a purchaser of lands at a sale for taxes (Revisal, sec. 2903) is a condition precedent to the execution of a valid deed, and the purchaser must show that it has been given, there being no presumption of that fact from a recital in the sheriff's deed.

9. **Tax Sales—Tax' Deeds—Evidence—Presumptions—Rebuttal.**

The sheriff's deed to lands sold for taxes is presumptive evidence that the lands have been listed, which may be rebutted by the evidence. The presumption is rebutted in this case by the admitted facts.

10. **Tax Sales—Tax Deeds—Title—Burden of Proof.**

A person who questions the title conveyed by a sheriff's deed, under a tax sale, must first show that he had title to the property at the time of the sale; and the evidence is held sufficient in this case under the deeds introduced by plaintiff in his chain of title, and the other circumstances in evidence.

**11. Tax Sales — Tax Deeds — Payment by Purchaser—Reimburse-ments—Practice—Tender—Appeal and Error—Costs.**

It appearing that the defendant had paid certain taxes on lands which he had assumed to hold under an invalid tax deed, it is *Held*, that he should be reimbursed that amount of taxes and interest by the plaintiff, as he has relieved the land of a charge which otherwise would have rested upon it; and it is ordered that plaintiff pay this amount to defendant or deposit it in court for his benefit, and that the cost of appeal be taxed against the defendant, who had refused the tender thereof.

APPEAL by defendants from *Cline, J.,* at March Term, 1911, of GRAHAM.

*J. H. Merrimon, Stevens & Anderson, J. H. Tucker, and Adams & Adams for plaintiff.*

*J. D. Murphey and Merrick & Barnard for defendant.*

WALKER, J. This action was brought, under Revisal, sec. 1589, to determine the title to a certain tract of land, of which the plaintiff claims to be the owner, and which defendant claims under a tax deed executed by the sheriff to him in 1910. The action was tried by the judge upon a case agreed, which is quite lengthy, and for that reason we will not set it out in full, but instead, refer to the material facts in the course of this opinion. The case involves the validity of the tax deed, which plaintiff attacks upon several grounds, which we will consider in their order.

First. The land, we will assume for the present, belonged to C. H. Rexford, and he claimed it, in part at least, under a deed from A. C. Avery and others to J. S. Bailey and a deed from J. S. Bailey to himself, which describe the land by metes and bounds as containing 13,625 acres, with the exception of several tracts therein particularly described, the number of acres in which is not stated. On 26 September, 1906, C. H. Rexford executed a deed in trust on part of the land to J. E. Rankin, to secure a debt of $20,000 due to J. S. Bailey. In November, 1906, C. H. Rexford contracted with J. W. Kitchin to sell to him all of the said land, and this contract was assigned by Kitchin to a corporation known as the Kitchin Lumber Company. The deeds, the contract of sale, and the assignment were

duly registered in Graham County at and before the time of the transactions hereinafter set forth. C. H. Rexford did not list the land for taxation in 1907, but the tax lister for Yellow Creek Township listed 6,587 acres of land in the name of J. W. Kitchin by him as agent, but without any authority so to do, as far as appears, and the number of acres was reduced on application of the tax lister, but without the knowledge or au-. thority of Kitchin, to 4,352, that having been stated by him to be the correct number of acres by actual survey. The taxes for 1907-'8 were paid by the son of Rexford with the latter's check. It is said in the case that the land was not listed in June, 1908, by any one, but the list-taker merely copied the entry from the former tax book, and thus listed the same number of acres in the name of Kitchin for that year. It does not appear that he had any authority to do so. So it is the fact, as stated in the complaint, that C. H. Rexford did not list the land, nor did Kitchin; and the question, therefore, is whether what was done by the list-taker in 1908 was a compliance with the statute. We do not think it was. There were two ways at that time for listing land for taxes. Revisal, secs. 5217, 5222, and 5227, provides that the owner, in person, shall list his property under oath, setting forth in detail how it shall be done, and section 5218 provides that certain persons may appoint agents to list for them. Section 5233 provides that, if the owner fails to list at the appointed time, the chairman of the board of commissioners shall list the same, in the name of the owner, by inserting in the tax list the description and valuation of all property not listed by him, and, shall charge him with a double tax, and section 5232 provides for the collection of taxes on land which has escaped taxation for previous years, by adding to the simple taxes of the current year all taxes due for preceding tax years, with 25 per cent interest thereon. There is no provision in the law for the listing of land by a township tax-lister, or in any other way than the one prescribed. It cannot be disputed that under the statute authorizing the sale of land for taxes it is necessary to show that the land has been listed for taxes. That is made by the law the first step in the process of assessment. It is the fundamental fact upon which the whole structure of

taxation, in its various stages, must rest, and this listing must
be done in the manner prescribed by the statute. If any argu-
ment were required to demonstrate this proposition, it is to be
found in the provisions of the statute itself. If the owner or
any other person or officer authorized to list the property should
give a mistaken description of the same, the statute provides
that the irregularity may be cured, or in certain cases disre-
garded, if the description is sufficiently definite "for any in-
terested person to determine what property is meant or intended
by the description," in which case the defective description may
be perfected in the sheriff's deed. But this provision applies
only when there has been a listing by the owner or some other
person designated by the statute, and not where it is done offi-
ciously by a stranger. The Legislature has never provided that
a person without authority in law or in fact may enter on the
lists an indefinitely described number of acres in a township
containing many thousand acres, not in the name of the owner,
but of some one else, and thereby confer authority to sell lands
thus listed, and by the sheriff's deed pass the title to the lands of
another person whose name does not appear in the list, and
whose lands are not described therein, and who has never au-
thorized the listing of his land by another, and whose land has
not been listed by the chairman of the county commissioners,
as required by law in case of the owner's default. Such a de-
scription of land as we have in this case is too vague to give
to any one notice of the land assessed for taxation; it is no
description at all, as it could be applied to any land in the town-
ship. *Holmes v. School District,* 8 Pac., 287. The law penal-
izes a taxpayer for not listing his land, by doubling his tax,
but not by divesting his title. If he lists his land, or it is
done by the proper officer, and then he fails to pay his taxes,
he may lose the title in the manner prescribed by the statute.
He does not forfeit it by not listing, but by not paying. There
was not listing in this case, because authority is nowhere given
to a list-taker to enter property on the lists for assessment.
The Legislature provided these safeguards for the just protection
of the taxpayer, and the law must be enforced as it is written.
Black on Tax Titles (2 Ed.), sec. 105; *Whitney v. Taylor,* 23

N. Y., 281; *Desmond v. Bobbitt,* 117 Mass., 233; *Bell v. Fry,* 5 Dana, 341; *Mansfield v. Martin,* 3 Mass., 419; *Pearson v. Creed,* 78 Cal., 144; *Dubris v. Webster,* 7 Hun., 371. The provisions of the law are adequate for the proper listing of property and the collection of taxes, and the Legislature did not intend that it should be confiscated without notice. The facts stated in the record present a strong case for the application of the rule and the enforcement of these plain provisions of the statute, for it is agreed by the parties that the sheriff and the defendant knew before the sale that they were attempting to sell C. H. Rexford's land, whereas authority was only given to sell 4,352 acres, listed in the name of J. W. Kitchin.

Second. But there are other fatal defects in the proceedings which invalidate the sheriff's deed. The statute (Revisal, sec. 2903) requires that the purchaser at the sheriff's sale shall serve written notice of his purchase and of the date when the time of redemption will expire, "on every person in actual possession or occupancy of the land," and also "upon every person having a mortgage or deed of trust thereon, recorded in the county, if by diligent inquiry he can be found," and publication of the notice is required if actual service of the notice cannot be made. It appears that W. C. Heyser, representing the Brunswick-Balk-Collender Company, which claimed certain rights in the timber on the land, was in possession of a part of the land in controversy from 25 December, 1909, to 1 June, 1910, and that E. E. Deputy was in possession of the land, as tenant of C. H. Rexford, from the year 1904 until 24 December, 1909. No notice was served by the defendant, as purchaser, on either of these persons. The defendant requested a finding that W. C. Heyser occupied land within one of the exceptions of the deed, but the court expressed its inability to so find, under the evidence. Defendant served a notice on Lampkin Farley, who occupied a part of the land near the Tennessee River, known as the Rymer boundary. No personal service of the notice was made on J. E. Rankin, trustee of J. S. Bailey, and no publication of a notice addressed to them by their names. There was published a notice to J. W. Kitchin, C. H. Rexford, "and whomsoever it may concern." There seems to be no provision

in the statute for service or publication of the notice, except as
'to the person in whose name the land is listed, persons in actual
possession of it, and persons having a mortgage or deed of trust
upon it.   No purchaser is entitled to a deed until the proper
notice is given (Revisal, sec. 2903), and until he shall have made
an affidavit that he has complied with the requirements as to
notice, setting forth therein particularly the facts showing such
compliance.   Section 2904.   This affidavit must be delivered to
the sheriff before he executes the deed, and he must file it with
the register of deeds for registration.   It then, and not until
then, becomes *prima facie* evidence that the notice has been
given.   But the facts are before us in this case, and from them
it appears that the notice was not served or published as the
statute requires.   It can make no difference under what claim
of right W. C. Heyser held the possession.   We are not con-
cerned with that, as the statute directly, plainly, and positively
provides that it shall be served, not upon any party in posses-
sion, or upon one or more of the parties, but "on every person
in actual possession or occupancy of the land" (section 2903),
and this without any qualification as to the character of the
possession or the claim of the occupant.   It will not be doubted,
we suppose, that E. E. Deputy, tenant of Rexford, was a proper
person to be notified.   But the defendant, as purchaser, also
failed to serve the notice personally on J. E. Rankin, trustee, or
J. S. Bailey, for whom he held in trust, and he cannot be ex-
cused because he did not search for the trustee, because it is one
of the facts in the case agreed that Rankin had lived in Ashe-
ville, N. C., for thirty-five years and could have been found by
diligent inquiry, and in such a case it is provided that the notice
shall be served upon him, and the publication of it as to him, if
it had been made in this case, would not be sufficient.   This is so
because the statute says so, and no strict or liberal construction
can make it otherwise.   We have held that the giving of the
notice by the purchaser in the manner prescribed by the statute
is a condition precedent to the execution of a valid deed, and no
presumption arises from the sheriff's deed that the proper no-
tice had been given, but that the purchaser must show it. · The
present *Chief Justice* demonstrated this in *King v. Cooper,* 128

N. C., 347, and the case was approved in *Matthews v. Fry,* 141 N. C., 582; *Warren v. Williford,* 148 N. C., 474. It appears also in the case that the defendant, as purchaser, has not presented his certificate of purchase or delivered any affidavit to the sheriff before or since he demanded or received the deed from him, nor has any such affidavit been filed with the register of deeds by the sheriff, as required by the statute. In these respects, therefore, defendant failed to comply with the statute. It is further stated as a fact that the sheriff did not read the deed before executing it, and did not know how the lands were described therein. He only knew he was conveying to defendant the lands he had purchased at the sale, that is, the 4,352 acres listed in the name of J. W. Kitchin. There are other departures from the statutory requirements, but as those already mentioned are sufficient to invalidate the tax deed, we need not refer to them more particularly.

The defendant contends, though, that as to Rankin, trustee, the deed is void, if at all, only as to him; but this is not what the statute says, and we must execute the intention of the Legislature as it is expressed in its own words. The language is, "that no purchaser at a tax sale, or his assignee, shall be entitled to a deed" until he shall have served the required notice "on any person having a mortgage or deed of trust upon the land"—not that the deed shall be good in part, but that it shall be void as a whole, the apparent purpose being to notify the mortgagee and, through him, the owner of the land, so that they may save their rights, if it be necessary to inquire as to the purpose.

It is also urged that Revisal, sec. 2909, makes the deed "presumptive evidence of certain facts," and among others, that the land had been listed; but this is only a rebuttable presumption, and is fully rebutted by the facts agreed upon, as we have shown. The conclusive presumption relates only to the official acts of the sheriff and others. The requirement as to the notice to be given by the purchaser is not embraced by that section, but section 2904 provides that his affidavit of notice, if properly filed with the register of deeds, shall be *prima facie* evidence that notice has been given. He has not shown a compliance

with the statute, and besides, if he had, the *prima facie* case is overcome by the facts admitted, which show that notice was not properly given. *King v. Cooper, supra.* Nor is the plaintiff required to show that the land was not subject to taxation, or that the taxes had been paid, in order to contest the validity of the tax deed. There is no substantial change in the law construed in *Warren v. Williford, supra,* which expressly holds that those provisions apply only when the tax deed is valid and has passed a title, and not when, being void, it has conveyed no title. Discussing substantially the same provision, *Justice Connor* said, in *Warren v. Williford,* 148 N. C., 479: "We do not think that this case comes within the language of section 20, Laws 1901 (Revisal, sec. 2909). It is true that, construing this section, this Court said in *McMillan v. Hogan,* 129 N. C., 314: 'The taxes due must be paid, which the law requires as a condition precedent to contesting the title carried by the deed by authority of the statute.' The defendant, having obtained his deed in violation of the express terms of the statute, acquired no title. As was said in *Matthews v. Fry, supra,* 'As the making of a proper affidavit was a condition precedent to the defendant's right to call for a deed, with which he has not complied, he has not acquired title to the land.' ' The deed was simply void, and defendant was not entitled to avail himself of the provisions of the statute intended to protect purchasers at tax sales." *Jones v. Schull,* 153 N. C., 521. The same principle must apply, as the language is the same, to the subsequent provision of Revisal, sec. 2909, that the person who questions "the title acquired by the sheriff's deed" must first show that he had title to the property at the time of the sale. *Eames v. Armstrong,* 146 N. C., 5. Revisal, sec. 2909, corresponds with Laws 1901, ch. 558, sec. 20, which was construed in *Warren v. Williford.* Besides, the defendant is claiming under J. W. Kitchin, who claims under C. H. Rexford, and, as decided in the case just cited, this shows title sufficiently in Rexford, unless the tax deed is valid as to him, or, in other words, unless defendant has acquired the superior title by it.

We have gone into this case quite fully because of its importance to the litigants and to the public, and have considered

the principal questions presented in the record. It appears that the plaintiff tendered payment of the amount of taxes, interest, and costs, which tender was rejected. The defendant C. H. Thompson contracted to purchase the land from his co-defendant, R. L. Phillips, and for that reason was made a party to this action, and will be bound by the judgment. The judge, upon the admitted facts, held that the defendants have acquired no title to the land, and entered judgment accordingly. In that opinion and judgment we concur. The State and county have not lost the tax which should have been assessed upon this land if it had been properly listed in the name of Rexford, as it has been paid to the sheriff by the defendant, and he should be reimbursed the amount of the tax and interest by the plaintiff. This is nothing but right, and is no more than the plaintiff should be required to do in order that his delinquency may not inure to his benefit, and that justice may be done to the defendant, who has relieved the land of a charge which would have rested upon it if the plaintiff had performed his duty by listing his property for taxation. The plaintiff will, therefore, be ordered to pay the said amount to the defendant or deposit it in court for his use, if the matter has not already been adjusted; but this order shall not affect the costs, which will be taxed against the defendant, as he rejected the tender of the amount when it was made to him.

Affirmed.