W. H. SANDERS ET AL. v. T. C. COVINGTON ET AL.

(Filed 20 November, 1918.)

**Taxation — Sales — Purchaser — County—Transferee—Statutes—Deeds and Conveyances.**

It is necessary to the validity of the sheriff's deed to land sold for non-payment of taxes that the statutory notice shall have been given the owner or mortgagee of the land, notice by publication to redeem, etc. (Revisal, sec. 2903), and that the affidavit of the holder of the certificate be filed (Revisal, sec. 2904) ; and these requirements are not dispensed with when the land is bid in by the county and the bid transferred, and the transferee acquires the deed direct from the sheriff, for the transferee then stands in the same relation to the owner as if he had bid off the property originally, and the special statutory provision as to the county has no application.

ACTION, tried before *Harding, J.,* at May Term, 1918, of RICHMOND.

The cause was heard upon an agreed state of facts. From the judgment rendered plaintiffs appealed.

*J. S. Manning for plaintiff.*
*McIntyre, Lawrence & Proctor, Fred W. Bynum, and W. R. Jones for defendant.*

BROWN, J. This action is brought to recover possession of certain land sold for taxes, bid off by the county, and the bid assigned to plaintiffs, to whom the sheriff executed a deed on 22 May, 1917. It is admitted that no notice of sale was given to the owner, Covington, or to the mortgagee, and that no notice to redeem was given or published as required by Revisal, sec. 2903, and also that no affidavit of the holder of the certificate has been filed as required by Revisal, sec. 2904. It has been held that failure in these particulars avoids the sale and deed. *Matthews v. Fry,* 141 N. C., 582; *Rexford v. Phillips,* 159 N. C., 213;

*McNair v. Boyd,* 163 N. C., 478; *Johnson v. Wilder,* 166 N. C., 104. Plaintiffs, however, contend that as assignee of the bid of the county they were not required to give such notice under Revisal, sec. 2904, which reads, "Should the county become the purchaser, then the provisions of sections 2903 and 2904 shall not apply."

The county of Richmond is not suing to recover the land sold for taxes or to foreclose a lien for taxes. The county transferred its bid to plaintiffs and they received a deed direct from the sheriff. They stand in same relation to the owner of the land *as if they had bid off the* property originally. It was incumbent upon them to give the notice required by law. As held in *Rexford v. Phillips, supra,* the apparent purpose of this statute is to notify the mortgagee and, through him, the owner of the land of the claim, so that they may save their rights.

Affirmed.