MADISON COUNTY v. FRANK E. COXE AND WIFE, MRS. FRANK E. COXE, ET AL.

(Filed 25 January, 1933.)

1. **Trial H a: Appeal and Error J c—Where parties do not demand jury trial facts found by court are conclusive when supported by evidence.**

    Where the trial court has found the facts upon a motion to set aside a foreclosure of a tax certificate, and there has been no demand by the parties for a trial by jury, and the appellant has excepted only to the facts so found, he is deemed to have waived his constitutional right to trial by jury, and the facts found by the trial judge are conclusive on appeal when supported by competent evidence.

---

MADISON COUNTY *v.* COXE.

---

**2. Courts A c—Superior Court held to have jurisdiction on appeal from clerk's order denying motion to set aside tax foreclosure.**

Where a tax certificate has been foreclosed in an action instituted by the county in the Superior Court, and thereafter the owner and mortgagee file a petition in the cause to set aside the decree and judgment of confirmation, which motion is denied by the clerk upon a hearing before him and an appeal taken to the Superior Court: *Held,* the case is properly in the Superior Court, C. S., 636, and it has jurisdiction to hear and determine the motion.

**3. Taxation C a—Law in force at time determines the validity of the listing of property for taxes.**

The question as to whether certain lands were validly listed for taxes for a certain year must be determined by the law in force at the time relating to the listing of property for taxes.

**4. Same—It is the nondelegable duty of the chairman of the county commissioners to list property not given in by the owner.**

Chapter 71, Public Laws of 1927, must be construed as a whole, and section 73 thereof requires that the chairman of the board of county commissioners shall examine the tax list and insert therein all property not given in, and shall charge the owner with the statutory penalty, and where the county list taker has inserted on the tax list certain property not given in by the owner for that year instead of calling the matter to the attention of the chairman, the listing of the property by the list taker is void, the duty of the chairman of the board of county commissioners in this respect being nondelegable.

**5. Taxation H c—Tax foreclosure held properly set aside under the facts of this case.**

Where upon petition and motion in the cause by the owners of land and the trustee and *cestui que trust* in a trust deed thereon to set aside a foreclosure of a tax certificate on the land it appears that the owners of the land and the trustee and *cestui que trust* lived in the adjoining county and were not personally served with summons or given notice of the proceedings and that the owners' residence was disclosed by his listing of the property for taxes for the previous year, and that the land was not lawfully listed for taxes for the year for which it was sold, and that the petitioners upon notice of the foreclosure filed their petition and tendered the amount of the taxes: *Held,* the foreclosure proceeding of the tax certificate is in a court of equity, and the trial court's decree setting aside the tax foreclosure will be sustained on appeal, the taxes remaining a lien on the land until they are paid, and the county being under duty to make restitution to the purchasers at the foreclosure sale.

APPEAL by plaintiff from *Sink, J.,* at May Term, 1932, of MADISON. Affirmed.

The record discloses that "It is agreed by all parties, and the court finds as a fact that Frank Coxe and Frank E. Coxe is one and the same person." "Middle names and middle initials are immaterial." *S. v. Hester,* 122 N. C., at p. 1050.

This is a suit brought in the Superior Court of Madison County 8 September, 1930, by Madison County *v.* Frank Coxe and wife, Mrs. Frank Coxe, C. R. Bishop and wife, Pauline Bishop, to foreclose a tax sale certificate for the delinquent taxes of the defendant Frank Coxe, for the year 1928, held by the county of Madison. The records of Madison County showed that Frank Coxe and wife, Julia Lord Coxe, had conveyed the land in controversy on 1 October, 1929, to C. R. and Pauline Bishop. On 18 March, 1930, they reconveyed the land to Frank Coxe. There was no legal necessity to have made the Bishops party defendants.

The court below found the following facts and rendered judgment as follows: "This cause coming on to be heard before his Honor, H. Hoyle Sink, judge holding the regular May Term, 1932, of the Superior Court of Madison County, on an appeal in the above cause from an order of the clerk of the Superior Court, and being heard, and after hearing the evidence and argument of counsel, the court finds the following facts:

"1. That on or about 8 September, 1930, the plaintiff Madison County instituted an action in the Superior Court of Madison County to foreclose a tax certificate in which complaint it is alleged that taxes on the property belonging to the defendant Frank Coxe on 1 May, 1928, amounting to the sum of ninety-eight and 20/100 ($98.20) dollars had not been paid.

"That a copy of the said tax certificate is attached to the plaintiff's complaint in the above cause, and is made a part of this finding of fact.

"3. That summons was issued in the above cause against Frank E. Coxe and wife, Mrs. Frank E. Coxe, C. R. Bishop and wife, Pauline Bishop, on 8 September, 1930, directed to the sheriff of Buncombe County, and received by said sheriff on 8 September, 1930, upon which is the following return: 'Due search made and Frank E. Coxe and Mrs. Frank E. Coxe not found in Buncombe County, and C. R. Bishop and Pauline Bishop not found in Buncombe County. J. J. Bailey, sheriff Buncombe County, by D. M. Snelson, deputy sheriff.'

"4. Upon the return of the summons aforesaid to the clerk of the Superior Court of Madison County, an affidavit for an order of publication was made on 15 September, 1930, by C. J. Wild, chairman of the board of county commissioners, which affidavit is made a part of this finding of fact, and upon which affidavit the said order of publication was made.

"5. That the defendants and petitioners, George M. Pritchard, trustee, and Sallie Potter Coxe, were residents of the city of Asheville, county of Buncombe, and State of North Carolina, at the time said action was

commenced in the Superior Court of Madison County, and were not made parties to said proceeding.

"6. That on . ...... March, 1932, Frank Coxe and wife, Julia Lord Coxe, George M. Pritchard, trustee, and Sallie Potter Coxe, filed a petition in the cause, before the clerk of the Superior Court of Madison County, and moved to set aside the interlocutory decree and judgment of confirmation in the above cause and dismiss the action, which matter was duly heard before the clerk of the Superior Court, and petitioners' motion denied, and an appeal was duly taken to this court; that the petitioners herein had no notice of the institution of said action or the entering of said judgments and decrees and orders until some time during the latter part of November or the first of December, 1931.

"7. That on 1 May, 1928, Frank Coxe was the owner of the property described in the complaint in this cause, and said property was not listed for taxes for the year 1928 by the said Frank Coxe, or by his agent duly authorized or with his knowledge, consent or procurement, or by the board of county commissioners, as prescribed by statute, the only listing of said property being as shown by a copy of said list sheet hereto attached and made a part of this finding of fact.

"8. That there was no order or minutes of the board of commissioners authorizing or directing the listing of this property for taxes for the year 1928, the only order appearing of record with respect to the listing of taxes for the year 1928 being as follows: 'List of tax listers and assessors appointed by county commissioners for the various townships and wards of the county, Monday, 2 April, 1928: J. Will Roberts, supervisor. No. 1 Township, Ward 1, Wayne Fisher, Marshall, N. C., Route 3,' and then follows the names of tax listers appointed for the various townships in Madison County.

"9. That the property was duly listed by Frank Coxe through his duly appointed agent, W. B. Ramsey, for the year 1927, at which time the real property of Madison County was reassessed for taxation by the commissioners appointed for that purpose.

"10. That the sale of said property under the interlocutory decree entered in the above cause was made by John A. Hendricks, commissioner, pursuant to the notices appearing in the record, on 5 June, 1931, at twelve o'clock noon, at the courthouse door, and report of said sale duly filed by said commissioner on 5 June, 1931, that S. B. Roberts and Roy L. Gudger became the last and highest bidders therefor in the sum of three hundred sixty-seven and 99/100 ($367.99) dollars. It further appears from the evidence in said cause asking for confirmation of said sale, and that the commissioners be directed to make and deliver a deed for same in which motion it appears that the bid was two hundred sixty

and 44/100 ($260.44) dollars. The court finds as a fact that no further sale of said property was ordered by the court or further advertisement other than appears in the record. The court further finds as a fact that taxes for the years 1929 and 1930 were paid out of the funds received at said commissioners' sale in this proceeding, and after the payment of said taxes and the costs ho surplus was left.

"11. That on and prior to 1 May, 1928, Frank Coxe was the owner of two tracts of land in Madison County, described in a deed from Tony Ball and wife, Harriet S. Ball, to Frank Coxe, dated 5 May, 1926, and recorded in the office of the register of deeds for Madison County, North Carolina, in Book 46, p. 546, and that at the time of the purchase of said property from Tony Ball aforesaid, Frank Coxe executed and delivered his certain promissory notes aggregating the sum of twelve thousand seventy-two dollars ($12,072), and to secure the payment of the same, executed and delivered to George M. Pritchard, trustee, a deed of trust, which deed of trust is duly recorded in the office of the register of deeds for Madison County, North Carolina, in Book 27, p. 17, and that Sallie Potter Coxe is now the owner, in due course and for a valuable consideration, of five of said notes in the sum of five hundred three dollars ($503) each, totalling the sum of twenty-five hundred fifteen dollars ($2,515); that said notes are unpaid and are a valid and subsisting lien on the real property described therein.

"12. It is agreed by all parties and the court finds as a fact that Frank Coxe and Frank E. Coxe is one and the same person.

"13. The court further finds as a fact that the orders, judgments and decrees entered in the above cause are void and of no effect and that the sale of said property made by the commissioner and the deed made in pursuance of said sale, is invalid, void and of no effect, and that the title and rights of the defendants in and to said property is not foreclosed by said proceeding.

"14. The court finds as a fact that the property referred to in the pleadings is shown on the face of the tax records, other than the list sheet of Madison County in the same form as other property and except the listing, was regularly set up in and upon said record.

"15. The court finds as a fact that the attorney of record for Sallie Potter Coxe, at the hearing and in open court, offered to pay taxes to Madison County for the years 1928, 1929 and 1930, and which offer was not accepted by said county.

"16. The court finds, and it is agreed, that the lands described in the pleadings was the only land owned by Frank Coxe in Madison County in 1928, and that the same consisted of two adjoining tracts.

"Upon the foregoing finding of facts it is ordered and adjudged by the court that the judgments and decrees entered in the above cause are invalid and void, and of no effect, and that the sale of said property by said commissioners is invalid and void, and the deed of said commissioners to the said S. B. Roberts and Roy L. Gudger is invalid and void and passes no title, to be canceled of record.

"It is further ordered by the court that the motion of petitioners filed in this cause be and the same is hereby granted, and the cause, and the same is hereby dismissed, and that the defendants petitioners, recover their cost."

To the judgment as signed and also to the finding of certain facts, the plaintiff excepted, assigned error, and appealed to the Supreme Court.

*John A. Hendricks and John H. McElroy for plaintiff.*
*Ford, Coxe & Carter for defendants.*

CLARKSON, J. The record discloses that on 1 May, 1928, Frank Coxe owned two tracts of land totalling 170 acres in Madison County, North Carolina, which was deeded to him on 5 May, 1926, by Tony Ball and wife, Harriet S. Ball. The deed was duly recorded in the register of deeds office for Madison County, N. C. At the time of the purchase of said property Coxe executed and delivered to George M. Pritchard, trustee, a deed of trust on said land to secure certain promissory notes for balance purchase money, aggregating $12,072. The deed of trust was duly recorded in the register of deeds office for Madison County, North Carolina. Sallie Potter Coxe is the owner in due course of five of said notes of $503 each, totalling $2,515 which are unpaid and owing. The land was duly listed for tax for the year 1927 by the agent of Frank Coxe and the tax paid. Thereafter the agent died. The record discloses: "Copied from 1927 tax list: Questions not applicable to taxpayer need not be answered. Blank for listing real estate and personal property. 1 May, 1928. (1) Name, Coxe, Frank E. (N. R.). (2) Post-office address, Asheville. (3) Township No. 1, Ward 1. (4) Age, if male, for poll tax. (5) Race: White (X); Indian ........; Negro.. .... (1) Real estate outside cities. (4) Real estate inside cities. No. acres 170 description, value, $4,260, No. lots, name of street, value." The original tax list sheet is not signed by anyone.

The land was sold for the tax for the year 1928 amounting to $98.20 and bought by Madison County and the alleged tax sale certificate was foreclosed. A motion to set aside the judgment, accompanied by a petition setting forth certain facts was filed in the cause before the clerk of the Superior Court of Madison County, North Carolina, on

24 March, 1932, by George M. Pritchard, trustee, Sallie Potter Coxe, Frank Coxe and Julia Lord Coxe.

The court below found the facts and there was sufficient competent evidence on the record to sustain same. The plaintiff did not demand a jury trial if there were disputed facts to be passed on by a jury, nor did the plaintiff consent to the findings of fact. The plaintiff did make many exceptions and assignments of error to the facts as found. We think they cannot be sustained from the view we take of this case. The findings of fact support the judgment and there being sufficient competent evidence to sustain them this is conclusive in this Court. *Holmes Electric Co. v. Power Co.,* 197 N. C., 766. *Colvard v. Dicus,* 198 N. C., 270; *Morris v. Y. & B. Corporation,* 198 N. C., at p. 708; *Chandler v. Conabeer,* 198 N. C., at p. 758; *Roebuck v. Surety Co.,* 200 N. C., at p. 199.

We think that on the entire record in this case on the undisputed facts plaintiff is not entitled to recover. The case was properly in the Superior Court.

In *Sneed v. Highway Company,* 194 N. C., at pp. 47, 48, is the following: "The judge of the Superior Court, in the exercise of his supervisory power, may require the clerk to send up the appeal, or transfer the case to the civil-issue docket for trial, which seems to have been done in the instant proceeding. *Hicks v. Wooten,* 175 N. C., 597; *R. R. v. King,* 125 N. C., 454." C. S., 636; *Howard v. Hinson,* 191 N. C., 366; *Light Company v. Reeves,* 198 N. C., 404.

The court below found the following facts: "That on .... March, 1932, Frank Coxe and wife, Julia Lord Coxe, George M. Pritchard, trustee, and Sallie Potter Coxe, filed a petition in the cause, before the clerk of the Superior Court of Madison County, and moved to set aside the interlocutory decree and judgment of confirmation in the above cause and dismiss the action, which matter was duly heard before the clerk of the Superior Court, and petitioners' motion denied, and an appeal was duly taken to this Court; that the petitioners herein had no notice of the institution of said action or the entering of said judgments and decrees and orders until some time during the latter part of November or the first of December, 1931.

"That on 1 May, 1928, Frank Coxe was the owner of the property described in the complaint in this cause, and said property was not listed for taxes for the year 1928 by the said Frank Coxe, or by his agent duly authorized or with his knowledge, consent or procurement, or by the board of county commissioners, as prescribed by statute, the only listing of said property being as shown by a copy of said list sheet hereto attached and made a part of this finding of fact."

We think the case of *Phillips v. Kerr,* 198 N. C., at pp. 254 and 255, decisive of this case: "The question is to be determined by the law which was in force in 1923 and 1924. Public Laws, 1923, chap. 12. This act contains the sections upon which rests the decision in *Rexford v. Phillips, supra* (159 N. C., 213). Sections 5217, 5222, 5227 of the Revisal, cited in the opinion, are brought forward in the act of 1923 as sections 23, 30, 27. They provided that the owner in person shall make a return of his property under oath, or in certain cases by an agent. Revisal, 5218, act 1923, sec. 24. If the owner fails to make such return the chairman of the board of commissioners shall list the description and valuation of the property not given in for taxation. Revisal, 5233, act 1923, sec. 75. And if such property is omitted from the list the board of commissioners by the chairman shall add to the simple taxes of the current year all taxes due for preceding years with 25 per centum in addition to the tax with which the owner would otherwise be chargeable. Revisal, 5232, act 1923, sec. 75. The defendants say, however, that the list taker has authority to list the property of a delinquent owner by virtue of the act of 1917. Public Laws, 1917, chap. 234, sec. 25, act 1923, sec. 25, C. S., 7925. This statute makes it the duty of the county commissioners and the several list takers 'to be constantly looking out for property which has not been listed for taxation.' Such property when discovered shall be duly placed upon the assessment list and properly assessed for taxation. By whom? By the chairman of the board of commissioners. He alone is charged with the duty of entering upon the tax list property not given in by the owner or his agent. Act 1923, sec. 75; *Rexford v. Phillips, supra.* He must not only list the property; he must impose the prescribed penalty. To this end the list taker should upon discovery return to the commissioners any property not listed for taxation. Whether his discovery is before or after the tax list has been turned over to the sheriff he must return the unlisted property to the clerk of the board of commissioners. Section 75. The unavoidable conclusion, we think, is this: that the lots in controversy had not been legally listed when the purported sale was made, and that the sheriff's deed conveyed no title."

The question in this case is to be determined by the law in force at the time for listing the property for taxes. Public Laws, 1927, chap. 71. On examination we find that the law is practically the same as the Revisal, secs. 5217, 5218, 5222, 5227, 5232, 5233. Revisal of 1905, Vol. 2. Section 5232 is as follows: "In all cases where the board of commissioners shall have omitted, or in any future year shall omit to enter upon the duplicate of their county any land or town lots situated within their county subject to taxation, it shall be their duty when they enter

the same to duplicate the next succeeding year to add to the taxes of the current year the simple taxes of each and every preceding year in which such land or town lots shall so have escaped taxation, with twenty-five per centum in addition thereto, so far back as the said lands have escaped taxation," etc. Public Laws, 1927, chap. 71, sec. 72.

Revisal, *supra,* sec. 5233: "The chairman of the board of commissioners shall examine the tax list from each township for the previous year and insert in said list the description and valuation of all property not given in, and shall charge all such persons with double the tax with which they would otherwise be chargeable unless satisfactory excuse therefor be rendered to the board of commissioners," etc.

Public Laws, 1927, chap. 71, sec. 73: "The chairman of the board of commissioners shall examine the tax list from each township for the previous year, *and insert in said list the description and valuation of all property not given in,* and shall charge all such persons *with twenty-five per centum* in addition to the tax with which they would otherwise be chargeable, unless satisfactory excuse therefor be rendered to the board of commissioners on or before the first Monday in October. . . . It shall be the duty of the commissioners of each county to employ a competent man whose duty it shall be to spend such time as the commissioners may deem necessary to make diligent search for property not listed for taxes, and to put such property on the tax books," etc.

Section 73, chap. 71 of Public Laws of 1927, must be construed as a whole, not piecemeal. *"To put such property on the tax books."* The record discloses a competent man was employed, but he was to find the delinquent, and it was the duty of the chairman of the board of commissioners to administer on the party for his omission in accordance with the statute. This was not done. This duty cannot be delegated to another. The alleged listing never had life.

In the present case the plaintiff contends that the *Phillips case, supra,* is not applicable as it "did not originate from a foreclosure procedure, but on a tax deed made by the tax collector to the purchaser of the land, at a sale of land by the tax collector for delinquent taxes." The *Phillips case, supra* (198 N. C.), is bottomed on the sound principle, which is set forth at p. 256: "The provision in reference to the authoritative listing of property is a basic requirement of the law. This conclusion is reached and upheld in *Rexford v. Phillips, supra,* and in *Price v. Slagle,* 189 N. C., 757."

Plaintiff cites *Orange Co. v. Wilson,* 202 N. C., 424, at p. 427, it is clearly stated: "Besides, the trustees of the petitioners were parties defendant and were served with process." *Gammon v. Johnson,* 126 N. C., 64; *Jones v. Williams,* 155 N. C., 179.

Frank Coxe, the owner of the land in controversy, made certain purchase money notes aggregating $12,072, secured by deed in trust to Geo. M. Pritchard, trustee. The deed in trust was duly recorded in Madison County, North Carolina. Sallie Potter Coxe was the owner of five of the notes totalling $2,515. The land was regularly listed on 1 May, 1927, for the 1927 tax for $4,260, by Frank Coxe's agent, who thereafter died. For that listing Frank Coxe's postoffice address was shown as Asheville. The plaintiff, Madison County, sold the land without complying with the law as to listing the property for tax for the year 1928. The tax amounted to $98.20, and was bought in by Madison County and it foreclosed the tax sale certificate without giving Frank Coxe, the owner, or George M. Pritchard, trustee, notice, though they lived in the adjoining county, or the *cestui que* trust, Sallie Potter Coxe.

At the hearing Sallie Potter Coxe offered to pay the taxes and plaintiff would not accept same. These facts, other than the fact that the land was not legally listed for tax for the year 1928, does not appeal to a court of conscience. This is a foreclosure proceeding in a court of equity. The taxes are a lien on the land and will have to be paid to the plaintiff, Madison County, and it must make restitution to the purchasers. *Harnett County v. Reardon,* 203 N. C., at p. 272. *Shale Products Co. v. Cement Co.,* 200 N. C., 226, at p. 229. For the reasons given the judgment of the court below is

Affirmed.