STATE v. T. R. STALLINGS.

(Filed 13 April, 1949.)

**1. Appeal and Error § 401—**

A constitutional question will not be determined when the appeal may be made to turn upon a question of lesser moment.

**2. Same: Criminal Law § 78b—**

Where defendant attacks the ordinance under which he was convicted on the ground that it was beyond the police power of the municipality, but does not attack it on the ground that its provisions are too vague and indefinite to be enforceable, the court will limit its decision to the ground properly presented and fully argued.

**3. Municipal Corporations § 39—**

The Legislature has delegated to municipalities the power to license, regulate and control the operators and drivers of taxicabs. G.S. 160-200 (7), (36a), G.S. 20-37, G.S. 160-52.

**4. Same—**

Where the governing authority of a municipality has enacted an ordinance regulating operators and drivers of taxicabs within the municipality in the exercise of police power delegated to it, the wisdom and expediency of the regulation is solely for it, and the ordinance will be presumed valid and the courts cannot hold its terms unreasonable except for discrimination between persons in a like situation.

**5. Same—**

An ordinance of a municipality, enacted pursuant to its delegated police power, requiring the drivers of taxicabs to wear distinctive caps, *is held* for the reasonable protection of the public against unlicensed drivers or operators, and is not invalid as having no relation to the public safety or welfare.

**6. Criminal Law § 79—**

Exceptions not brought forward in the brief and argued will be deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Rousseau, J.,* at October Term, 1948, of CABARRUS.

This is a criminal action in which the defendant, T. R. Stallings, a duly licensed operator and driver of a taxicab in the City of Concord, was indicted in Cabarrus County upon a warrant duly issued, charging him with violating Section 1, Article IX, of the Taxicab Ordinance of the City of Concord, by failing to wear a cap, as required by the provisions of said ordinance.

Article IX, Section 1, referred to above, reads as follows: "CAP AND UNIFORM REQUIRED. Drivers of taxicabs shall be clean in dress and in

person, and shall wear a distinctive cap and necktie and be neat at all times while operating a taxicab."

It was admitted by the defendant that on the date alleged in the warrant, 2 May, 1948, he was operating a taxicab in the City of Concord, within the meaning of the ordinance, and that he was wearing a hat instead of a distinctive cap.

It was admitted that the defendant was a duly licensed taxicab operator and driver in the City of Concord.

The defendant admitted the Taxicab Ordinance was enacted by the Board of Aldermen of the City of Concord on 17 December, 1947.

The jury returned a verdict of guilty and from the judgment imposed, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton, and Forrest H. Shuford, II, Member of Staff, for the State.*

*L. E. Barnhardt and Morton & Williams for defendant.*

DENNY, J.  The defendant challenges the validity of the section of the ordinance under consideration, on the ground that it is not a just and reasonable regulation, but is unlawful, arbitrary and unreasonable, and in violation of defendant's constitutional rights.  Or, to put it another way, the defendant does not challenge the ordinance on the ground that it is too vague and indefinite to be enforceable.  He challenges the power of the Mayor and Board of Aldermen of the City of Concord to pass an ordinance, requiring each operator and driver of a taxicab licensed by the City of Concord, to wear a cap while operating his taxicab.

The defendant simply takes the position and says in his brief, "the wearing of a hat instead of a cap as prescribed by said ordinance . . . is not detrimental in any sense to the public welfare."

Consequently, this appeal does not turn on what is meant by a "distinctive cap."  If it did so, we might have some difficulty in sustaining this section of the ordinance, *S. v. Gooding,* 194 N.C. 271, 139 S.E. 435; *S. v. Morrison,* 210 N.C. 117, 185 S.E. 674; 50 Am. Jur. p. 204, *et seq.;* but since the ordinance is not challenged on the ground that it is too vague and indefinite to be enforceable, we will refrain from passing on its validity in that respect.  Furthermore, "the rule is, that if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of lesser moment, the latter alone will be determined.  *Reed v. Madison County,* 213 N.C. 145, 195 S.E. 620."  *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22.  Moreover, constitutional questions abandoned or not raised on an appeal will not be decided by the Court. And in passing on such questions, the Court will limit its decision to those questions which have been properly presented and fully argued.

11 Am. Jur. Const. Law, Sec. 93, p. 720 *et seq.* *Public Service Commission v. Grimshaw,* 49 Wyo. 158, 53 P. 2d 1, 109 A.L.R. 534.

The defendant contends that the power of a city to regulate taxicabs and taxicab operators is strictly limited to the express powers granted in G.S. 160-200, subsection 7 and subsection 36a, and that the power to prescribe the clothing a taxicab driver shall wear is not granted therein.

G.S. 160-200, subsection 7 of the above statute, grants to cities the following power: "To pass such ordinances as are expedient for maintaining and promoting the peace, good government, and welfare of the city, and the morals and happiness of its citizens, and for the performance of all municipal functions." And the pertinent part of subsection 36a, reads as follows: "The governing body may also require operators and drivers of taxicabs to prominently post and display in each taxicab, so as to be visible to the passengers therein, permit, rates and/or fares, fingerprints, photographs, and such other identification matter as deemed proper and advisable."

In addition to these statutes, we find that G.S. 20-37, also provides: "That cities and towns shall have the power to license, regulate and control drivers and operators of taxicabs within the city or town limits and to regulate and control operators of taxicabs operating between the city or town to points, not incorporated, within a radius of five miles of said city or town." Furthermore, G.S. 160-52 gives to the governing boards of municipalities the general power to enact ordinances. This statute contains the following provisions: "The board of commissioners shall have power to make ordinances, rules and regulations for the better government of the town, not inconsistent with this chapter and the law of the land, as they may deem necessary; and may enforce them by imposing penalties on such as violate them; and may compel the performance of the duties imposed upon others, by suitable penalties."

Therefore, the Legislature has deemed it to be the part of wisdom to delegate to the various municipalities of the State, the power to license, regulate and control the operators and drivers of taxicabs. In the exercise of this delegated power, it is the duty of the municipal authorities in their sound discretion, to determine what ordinances or regulations are reasonably necessary for the protection of the public or the better government of the town; and when in the exercise of such discretion an ordinance is adopted, it is presumed to be valid; and, the courts will not declare it invalid unless it is clearly shown to be so. *Motley v. State Board of Barber Examiners,* 228 N.C. 337, 45 S.E. 2d 550, 175 A.L.R. 253; *Brumley v. Baxter,* 225 N.C. 691, 36 S.E. 2d 281, 162 A.L.R. 930; *Chimney Rock Co. v. Town of Lake Lure,* 200 N.C. 171, 156 S.E. 542.

In the case of *Suddreth v. Charlotte,* 223 N.C. 630, 27 S.E. (2d) 650, *Barnhill, J.,* in speaking for the Court, said: "The business of carrying passengers for hire is a privilege, the licensing, regulation, and control of which is peculiarly and exclusively a legislative prerogative. So is the power to regulate the use of public roads and streets. The General Assembly in the exercise of this police power may provide for the licensing of taxicabs and regulate their use on public streets, or it may, in its discretion, delegate this authority to the several municipalities. 37 Am. Jur. 534, sec. 21; Anno. 114 A.L.R. 1120. . . . Where the power to regulate, license and control motor vehicles for hire is vested by the Legislature in the city council, there is a broad presumption in favor of the validity of an ordinance undertaking to exercise such power, and he who attacks it must show affirmatively that it is not expressly authorized by statute or that it is, as applied to him, unreasonable and oppressive. *Star Transp. Co. v. Mason,* 192 N.W. 873; *New Orleans v. Calamari, supra* (22 A.L.R.—Rehearing, p. 112). The municipality may name such terms and conditions as it sees fit to impose for the privilege of transacting such business, and the courts cannot hold such terms unreasonable, except for discrimination between persons in a like situation. The wisdom and expediency of the regulation rests alone with the law-making power. *Lawrence v. Nissen,* 173 N.C. 359, 91 S.E. 1036; *Turner v. New Bern,* 187 N.C. 541, 122 S.E. 469." *Yeiser v. Dysart,* 267 U.S. 540, 69 L. Ed. 775.

We do not think it is an unlawful, unreasonable or an arbitrary exercise of the police power which has been delegated to local municipal authorities by the Legislature, for a city to require, as a condition incident to the privilege of operating a taxicab on its streets, that the driver of such taxicab shall wear a distinctive cap or other insignia while operating a taxicab, to show that he is a duly licensed taxicab driver. Such a requirement would seem to be reasonable and a protection to the public against unlicensed drivers or operators.

Exceptions to the refusal of the court below to sustain the defendant's motion for judgment as of nonsuit have not been brought forward in his brief and argued, as required by Rule 28 of the Rules of Practice in the Supreme Court, and will therefore be considered as abandoned. 221 N.C. 562.

In the trial below, we find

No error.