HYDE COUNTY v. MERRITT BRIDGMAN and Wife, MRS. MERRITT BRIDGMAN; O. L. WILLIAMS, Trustee; SARAH O. WATSON and Husband, JACK WATSON.

(Filed 23 September, 1953.)

**1. Taxation § 40b—**

In a county's action to foreclose tax lien certificates, the introduction in evidence by the county of the tax lien certificates for the years in question, with tax certificates attached, on one hundred fifty acres of land outstanding in the name of a certain person, but without evidence that the hundred and fifty acre tract listed in the name of such person and referred to in the tax lien certificates is the same land as that described in the deed executed to defendants by another, is insufficient to make out a *prima facie* case to sell the land of the defendants.

**2. Appeal and Error § 40l—**

The Supreme Court will not decide the constitutionality of a statute when the appeal may be disposed of on other grounds.

Appeal by plaintiff from *Bone, J.,* May Term, 1953. Hyde.

Civil action to foreclose tax lien certificates upon land for alleged nonpayment of taxes for the years 1922, 1923 and 1924.

This action was instituted 16 January 1952. The plaintiff in paragraph 6 of its complaint alleges the land is situated in Currituck Township, Hyde County, North Carolina, and is described on the tax list as 150 acres Cox land, and is more particularly described in deed from Jack Watson and wife to Merritt Bridgman and wife dated 24 February 1949

and properly recorded. The defendants in their answer deny the allegations of paragraph 6 of the answer and plead the indefiniteness of the description of the land to support a judgment for "taxes listed for said years."

The plaintiff introduced the following evidence. The 1922 Tax Abstract of Hyde County for Currituck Township which shows there was regularly listed for that year in the name of Bryan Gray 150 acres Cox land. The oath to this abstract was signed Bryan Gray, and was subscribed and sworn to 11 May 1922 before Gratz Credle. The 1922 Tax scroll of Hyde County for Currituck Township showing 150 acres Cox land listed for that year in the name of Bryan Gray and its value. The 1922 official Tax Yearbook for Hyde County duly certified to the Sheriff of said county for collection by the Clerk of the Board of Commissioners of the county, showing a tax regularly assessed for 1922 against the real and personal property of Bryan Gray, and showing the county and school rate. In the column entitled "when paid" appears the following: "L. Sale" (written in blue pencil). Tax Lien Certificate No. 1129 with Tax Ticket No. 528 attached outstanding in the name of Bryan Gray for the 1922 tax, issued to Hyde County. This tax lien certificate shows that it is against 150 acres Cox land. The attached tax ticket has stamped on its face "land sale" and also written thereon in red pencil "unpd." In these tax records appear two other small tracts of land listed in the name of Bryan Gray. All reference to them is omitted, because they are not involved in this action. Similar tax records for the years 1923 and 1924 were introduced in evidence by the plaintiff, showing substantially the same facts.

The defendants in open court admitted that all of these tax records were a part of the official tax records of Hyde County.

After the introduction of this evidence the plaintiff rested. Whereupon the defendants moved for judgment of nonsuit upon three grounds: 1. The indefiniteness of the description of the land in the tax records, and a failure to show that the 150 acres Cox land is the land owned by them; 2, that it has not been shown that taxes are unpaid on the land owned by the defendants; and 3, that the action is barred by H. B. 760, Ch. 775, Session Laws 1953. The motion was allowed by the court, and from the judgment of nonsuit entered the plaintiff excepts, and appeals.

*George T. Davis for plaintiff, appellant.*
*O. L. Williams for defendants, appellees.*

PARKER, J. The plaintiff contends that having introduced in evidence the tax lien certificates for the years 1922, 1923 and 1924 with tax tickets attached for the taxes for those years outstanding in the name of Bryan

Gray issued to Hyde County that it has made out a *prima facie* case according to G.S. 105-388 (c). That these records are presumptive evidence of the regularity of all prior proceedings incident to the sale and the due performance of all things essential to the validity thereof; that this includes the presumption that the property was lawfully listed and that the taxes for those years were lawfully assessed and levied; so that, unless the defendants should produce positive evidence of some defect, it has made out its case.

The plaintiff has introduced no evidence that the 150 acres Cox land listed in the name of Bryan Gray and referred to in the tax lien certificates with the tax tickets attached issued to Hyde County is the same land as that described in the deed from Jack Watson and wife to Merritt Bridgman and wife. Conceding for the sake of argument that the plaintiff has made out a *prima facie* case for the 150 acres Cox land listed in the name of Bryan Gray against Bryan Gray, it is attempting to sell the land of Merritt Bridgman and wife, and it has not made out a *prima facie* case to sell the land of the defendants. See *Rexford v. Phillips,* 159 N.C. 213, at 218, 74 S.E. 337.

The defendants contend that the plaintiff's action is barred by H. B. 760, Ch. 775, Session Laws 1953. The plaintiff contends that the provision of this act applying to cases now pending in the Superior Court of Hyde County is unconstitutional. It is not necessary to consider that question to decide this case. It is stated by all the cases and text-writers that the courts rigidly adhere to the rule never to anticipate a question of constitutional law in advance of the necessity of deciding it, and never to consider the constitutionality of legislation, unless it is imperatively required. Absolute necessity is the moving cause for decision of a constitutional question, and the court will not decide the challenged constitutionality of an act when the appeal may be disposed of on other grounds. *S. v. High,* 222 N.C. 434, 23 S.E. 2d 343; *Turner v. City of Reidsville,* 224 N.C. 42, 29 S.E. 2d 211; *Jarrell v. Snow,* 225 N.C. 430, 35 S.E. 2d 273; *S. v. Stallings,* 230 N.C. 252, 52 S.E. 2d 901; *S. v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198; *S. v. Wilkes,* 233 N.C. 645, 65 S.E. 2d 129; *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 96 L. Ed. 1153. 72 S. Ct. 863, 26 A.L.R. 2d 1378.

The judgment of nonsuit is
Affirmed.