STATE v. E. A. THOMAS.

*Town   Ordinances—Delegation   of   Legislative   Powers—*
*The Code, Section 3799.*

1. *The Code*, Section 3799, does not empower a town to pass an ordinance forbidding one who sells liquor to occupy his own premises between certain hours.
2. The extent to which legislative authority may be delegated by the General Assembly to municipal authorities discussed.

STATE *v.* THOMAS.

·INDICTMENT for violation of town ordinance, tried before *Brown, J.,* at March Term, 1896, of McDOWELL Superior Court.

A warrant was issued (upon complaint of one Patton) by the mayor of the town of Marion, charging the defendant with being and remaining in his bar room, in the town of Marion, N. C., between the hours of 10 o'clock p. m. and 4 o'clock a. m., it being a public place where spirituous and intoxicating liquors are sold—the said bar room belonging to and being kept by the said C. A. Thomas—and permitted others so to do, in violation of ordinance (Section 35 of the ordinances) in force in the said town of Marion, etc.

Upon the trial, the defendant was adjudged to be guilty and to pay a fine, and he appealed to the superior court, where the jury rendered a special verdict as follows :

" That the town of Marion duly enacted by its commissioners and published the following ordinance :

" Sec. 35. That all bar rooms and places where spirituous or intoxicating liquors are sold shall be closed for the day at 10 o'clock p. m. It shall be unlawful for any barkeeper, clerk or agent, or any person whatever, to keep open or be or remain in such bar room, or other place where spirituous or intoxicating liquors are sold, between the hours of 10 o'clock p. m. and 4 o'clock a. m., and any person violating any of the provisions of this ordinance shall, on conviction therefor, be fined twenty-five dollars.

" That on the night of 30th of January, 1896, the defendant, being a saloon or bar room owner engaged in retailing intoxicating liquor in said town, remained, together with one Elliott, in his saloon as late as 10 o'clock and forty-five minutes p. m. thereafter in his saloon on said night ; that a bright light was burning, the same as during the preceding part of the night ; that the door was shut, but not locked ; that said Elliott was the bartender and C. A.

Thomas the owner and proprietor of said bar room ; that at 10:45 o'clock p. m. said Thomas came out of the door and went home.

"That if, upon the foregoing facts, the court be of opinion that defendant is guilty, the jury find him guilty ; and if not guilty shall be the opinion of the court, the jury find him not guilty."

The court, upon the special verdict, adjudged the defendant guilty of violating said ordinance, and the jury rendered a verdict of guilty accordingly. The court fined the defendant $5 and costs, same imposed by mayor.

The defendant moved for a new trial, assigning as error the failure of the court to declare said ordinance void on its face, which defendant had prayed court to do.

Overruled. Exception by defendant. Appeal.

*The Attorney General*, for the State.
*Mr. J. F. Morphew*, for defendant (appellant).

AVERY, J.: The defendant is indicted for violation of a town ordinance making " it unlawful for any barkeeper, clerk or agent, or any person whatsoever, to keep open, or be or remain in, a bar room or other place where spirituous or intoxicating liquors are sold, between the hours of 10 o'clock p. m. and 4 o'clock a. m." The charge is not keeping open the bar room, but remaining in it after the hour prescribed for closing So that the testimony that the door was not locked, though closed, is not so material as possibly it might have been if the defendant had been charged with failing to close his place of business. The ruling of the court below, that the defendant was guilty upon a finding that he and his clerk sat in the bar room till 10:45 o'clock in the evening, raises the question whether the authority had been granted to the municipality to pass any such ordi-

nance, and suggests the investigation of the still more important inquiry whether the Legislature, if it attempted to do so directly, was empowered to so restrict a person in the use and enjoyment of his own property.

It is familiar learning that an agent, acting under a power of attorney, cannot transcend the limit of his authority ascertained by a strict construction of the instrument under which he acts. This elementary principle grows in importance when we come to apply it to public instead of private agencies. The maxim *delegatus non potest delegari* applies to the Legislature as a co-ordinate branch of the government, exercising authority derived from the Constitution, as well as to agencies constituted by the ordinary power of attorney executed by an individual. Where the constitution of a State confers no express authority to delegate legislative powers to municipalities, some discussion has arisen as to the rightful exercise of such powers by municipalities. But the most satisfactory solution of the question is to be found in the fact that almost all of such instruments contain some recognition of the existence of municipalities, (as in Sec. 3 of our Constitution of 1776, Rev. Code, p. 18, where borough representation is provided for,) and such recognition has been held to imply a right in the Legislature to grant the power of local legislation, as it had been conferred in England, but subject to the restriction that there can be no implied authority to do anything contrary to the provisions of the State or Federal Constitution. It is admitted that the municipality is not empowered by the charter (Laws of 1889, Ch. 183, Sections 24 and ___) to prohibit the defendant from remaining in his house, but it is insisted that the authority is implied in the provision of the general law (*The Code*, Sec. 3799) empowering all towns " to make such by-laws, rules and regulations for the better government of the town as they

STATE v. THOMAS.

may deem necessary." It must be conceded that a person has a right at common-law to occupy and remain in his own house day and night, whether it be fitted up for the purpose of a dwelling only or for the conduct of mercantile or other business. The Legislature may pass laws in furtherance of the principle that one must so use his own as not to injure others. But the question whether the law-making power could rightfully have granted the authority to pass the ordinance does not arise if it does not clearly appear that it has attempted to do so. If we concede, for the sake of argument, that it was competent for the Legislature to confer the power, it has clearly failed to do so. The authority to prohibit a person from sitting in his own house after ten in the evening is neither given expressly nor by any fair implication; nor is it essential to the declared objects of creating the municipality or to the proper exercise of the authority granted, to enact such an ordinance; and, therefore, as the unauthorized act of a governmental agency, the ordinance must be treated as null and void. 1 Dillon Mun. Corp., Sec. 89 (55); Cooley Const. Lim., pp. 242, 744, note 2; *State* v. *Webber*, 107 N. C., 962. " An ordinance," says Dillon (1 Mun. Corp., Sec. 325,) " cannot legally be made, which contravenes a common right, unless the power to do so be plainly conferred by a valid and competent legislative grant; and, in cases relating to such right, authority to regulate, conferred upon towns of limited powers, has been held not necessarily to include the power to prohibit." *Taylor* v. *Griswold*, 2 Green, (N. J.,) 222; *Hoyden* v. *Noyes*, 5 Conn., 391.

If the general power to pass by-laws, intended for local government merely, carries with it, by implication, the authority to restrict the use of private property by prescribing the hours when a person shall be permitted to occupy his own house, then cities and towns need nothing

STATE *v.* THOMAS.

more than the enactment of a law creating them, with the incidental grant embodied in Section 3799 of *The Code,* to give them equal authority with the Legislature itself, to restrict and regulate the rights of personal liberty and private property within the limits of the municipality. No such latitudinarian construction was intended by the Legislature to be given to the statute, and its attempted exercise was therefore unlawful.

The Legislature can rightfully restrict the manner of selling spirituous liquors by prescribing hours for selling, or can altogether prohibit the sale in any particular locality, or at any place in the State. It may enact either a public, local, or a general law, within the purview of its powers, if no discrimination is shown. · *State* v. *Moore,* 104 N. C., 714 ; *State* v. *Joyner,* 81 N. C., 534 ; *State* v. *Stovall,* 103 N. C., 416 ; *State* v. *Chambers,* 93 N. C., 600. But while it is unnecessary to concede or deny its power to pass a law forbidding a person to sit in his own house for whatever purpose it may at the time be used, it is certain that no attempt has been made expressly, or by any implication, to authorize the town of Marion to make such a regulation. For the error in holding him guilty on the special verdict, the defendant is entitled to a new trial.

New Trial.