TRAFTON v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. August 15, 1906.)

No. 600.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL—PRACTICE OF FEDERAL COURTS.

Independently of some statutory provision, the practice of the federal courts with reference to granting new trials in criminal cases follows the common law, and the court has no jurisdiction over such a motion made after the term expires at which sentence was pronounced. Whether a state statute regulating such proceedings passed since the original federal judiciary act is cognizable by a federal court, quære.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 2352; vol. 13, Cent. Dig. Courts, § 933.]

2. SAME—WRIT OF ERROR—AFFIRMANCE—LEAVE TO MOVE FOR NEW TRIAL.

In the case at bar the petitioner asks leave to proceed further in the District Court after the term at which sentence was pronounced, and relies on a local statute of Massachusetts; so that, notwithstanding the general rule, the Court of Appeals deems it suitable in this particular instance to grant the petition and to remit all questions either as to the jurisdiction or the merits to be first investigated by the District Court, without any implication from the Court of Appeals pro or con with reference to either the jurisdiction or the merits.

In Error to the District Court of the United States for the District of Massachusetts.

On petition of John W. Trafton for leave to file a motion for a new trial in the District Court.

See 145 Fed. 81.

Everett W. Burdett and Joseph H. Knight, for plaintiff in error.

William H. Garland, Asst. U. S. Atty., and John H. Casey, Sp. Asst. U. S. Atty.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. The particular matter before us grows out of a criminal conviction of John W. Trafton in the District Court for the District of Massachusetts, followed by sentence and this writ of error. On the 27th of April last, we entered a judgment affirming the conviction in the District Court, and subsequently, on the 25th of June,

Trafton petitioned us for leave to file in that court a motion for a new trial. In his petition he sets out to a very considerable extent the reasons in support of the motion which he proposes to submit to the District Court.

We have so often and so lately stated the practice on petitions of this character that we need only observe that, except for a single point, we should grant this application without hesitation, letting it appear, however, that we remit to the District Court without prejudice the investigation of the merits of the petitioner's propositions. We have hesitated, however, to grant the petition in this particular case because it comes after judgment in the District Court, and after the term expired at which the sentence was given. Independently of some statutory provision, it is thoroughly settled that the practice of the federal courts with reference to granting new trials in criminal cases follows the common law, so that the court has no jurisdiction over such a motion after the term expires at which the sentence was pronounced. Chitty's Criminal Law (*651); Indianapolis Railroad Company v. Horst, 93 U. S. 291, 301, 23 L. Ed. 898; Newcomb v. Wood, 97 U. S. 581, 584, 24 L. Ed. 1085; Belknap v. United States, 150 U. S. 588, 590, 14 Sup. Ct. 183, 37 L. Ed. 1191; Kingman v. Western Manufacturing Company, 170 U. S. 675, 678, 18 Sup. Ct. 786, 42 L. Ed. 1192; Capital Traction Company v. Hof, 174 U. S. 1, 9, 19 Sup. Ct. 580, 43 L. Ed. 873.

According to the course of the common law, the only relief which the petitioner could obtain on the facts set out in his petition and the accompanying papers would be through an application for a pardon. The petitioner, however, apparently relies on a local statute of Massachusetts, by virtue of which a motion for a new trial in a criminal case is justifiable if made within a year after sentence, whether before or after the term has expired. Revised Laws of Massachusetts of 1902, c. 219, § 33. We doubt whether any state statute regulating criminal proceedings passed since the original judiciary act is cognizable by the federal courts. United States v. Reid, 12 How. 361, 363, 13 L. Ed. 1023; Tennessee v. Davis, 100 U. S. 257, 298, 25 L. Ed. 648; Camden Railway Company v. Stetson, 177 U. S. 172, 175, 20 Sup. Ct. 617, 44 L. Ed. 721. However, on the record before us, we do not feel ourselves required to investigate with the view of reaching a final conclusion any questions raised by the petition we are considering, and it is more convenient, and we deem it suitable, to leave all the topics involved, whether of jurisdiction or the merits, to be first investigated by the District Court, without any implication pro or con, either from our order or this opinion, which should be held as limiting that investigation.

Ordered: The petition of John W. Trafton for leave to proceed on a motion for a new trial in the District Court, filed on June 25, 1906, is granted; but this order is without any implication as to any question of jurisdiction or merits.