C. S. LAWRENCE v. H. E. NISSEN AND THE BOARD OF ALDERMEN OF
WINSTON-SALEM.

(Filed 11 April, 1917.)

1. **Municipal Corporations—Cities and Towns—Police Powers—Health—Ordinances—Hospitals—Courts.**

   An ordinance of a municipal corporation declaring hospitals within the city limits, where surgical operations are performed, etc., for pay, a nuisance to adjacent property owners and prohibiting them within 100 feet of a building or house used or occupied as a residence, when within the powers conferred by the Legislature, will not be declared unreasonable or invalid by the courts.

LAWRENCE *v.* NISSEN.

**2. Same—Presumptions.**

There is a strong presumption of the validity of an ordinance passed, with legislative authority, looking to the health of the residents within a municipality; and the courts will not pass upon the reasonableness of the ordinance with reference to existing conditions, when such could exist and justify it.

**3. Municipal Corporations—Cities and Towns—Health—Ordinances—Nuisance—Injunction.**

Where the enforcement of an ordinance prohibiting the erection of a hospital is sought to be enjoined, and the authority to enforce it has been given by statute, it is not necessary for the courts to pass upon the question as to whether a hospital is a nuisance *per se* in order to refuse the injunction.

**4. Constitutional Law—Municipal Corporations—Cities and Towns—Discrimination—Health—Ordinances.**

An ordinance of a municipality passed under legislative authority, prohibiting the existence of hospitals, for pay, within a certain distance of dwellings therein, etc., is not objectionable as discriminative in favor of strictly charitable institutions of this character, or class legislation prohibited by fourteenth amendment to the Federal Constitution.

WALKER and ALLEN, JJ., dissenting.

PROCEEDINGS in mandamus, heard by *Harding, J.,* at chambers, in the city of Winston-Salem, FORSYTH County, on 13 March, 1917.

His Honor dismissed the proceedings and the plaintiff appealed.

*Hastings, Stephenson & Wicker for plaintiff.*
*Manly, Hendren & Womble for defendants.*

BROWN, J. The object of this proceeding is to compel the defendants to issue to plaintiff a building permit for the erection of a private hospital upon a certain lot within the corporate limits of the city of Winston-Salem.

The Court finds that the building is to be erected on a lot belonging to plaintiff and used as a private hospital to be conducted for pay; that it is for surgical cases only, and that patients suffering with contagious or infectious diseases will not be admitted.

The west side of the building will be 6 feet from the property line on west side and 12 feet from the east side of the residence occupied by Thomas Patterson.

The charter of the city confers power "to define and condemn nuisances . . . to grant permits for the construction of buildings and other structures, and to prohibit the construction of any building or structure which in the judgment of the board of aldermen may be a nuisance or of injury to adjacent property or to the general public; to

regulate and control the character of buildings which shall be constructed or permitted to be or remain in any part of the City of Winston-Salem, with a right to declare the same a nuisance or unsafe, and cause their demolition or removal."

Pursuant to this grant of power, the board of aldermen enacted an ordinance as follows:

"*Be it Ordained,* That the construction, operation, or maintenance of a hospital or place or institution of like character where sick or diseased persons are treated or surgical operations performed for pay, within the corporate limits of the city of Winston-Salem, and within 100 feet of a building or house used or occupied as a residence, is hereby declared to be a nuisance, or injury to adjacent property, and to the general public, and the same is hereby prohibited."

It is contended by plaintiff that the ordinance is void: (1) Because it is unreasonable, and the municipal authorities cannot declare that to be nuisance which is not so at common law or made so by statute. (2) Because the ordinance is discriminative.

Courts are slow to declare municipal ordinances invalid, especially where enacted in pursuance of valid legislative authority. There is a strong presumption in favor of their reasonableness. Judges may not agree with the municipal authorities always in thinking an ordinance wise, but such representatives of the people may be trusted to understand their own requirements better than the courts.

It is not necessary that we hold that a hospital is *per se* a nuisance. We are not asked by adjacent residents to restrain from building it upon that ground. We are asked to compel defendants to issue a permit to erect the hospital upon the ground that the ordinance prohibiting it is unreasonable and beyond the power of the municipality to enact.

The enactment of such an ordinance is plainly within the powers conferred by the Legislature, for the aldermen are vested with power not only to grant building permits, but to prohibit the construction of buildings or structures that may be a nuisance or injurious to adjacent property. Having the authority to enact the ordinance, the reasonableness of it is not a matter for us. *S. v. Rice,* 158 N. C., 640.

The power of a court to declare an ordinance unreasonable and, therefore, void is practically restricted to cases in which the Legislature has enacted nothing on the subject-matter of the ordinance, and consequently to cases in which the ordinance was passed under the supposed power of the corporation merely. *Coal Fleet v. Jeffersonville,* 112 Ind., 15, 19. This distinction has been noted and observed in this State. *S. v. Ray,* 131 N. C., 814; *S. v. Thomas,* 118 N. C., 1221, 1225, 1226.

LAWRENCE *v.* NISSEN.

Says Mr. McQuillin (2 Mun. Corps., secs. 724-25) : "In brief, if passed by virtue of express power, an ordinance cannot be set aside by a court for mere unreasonableness, since questions as to the widom and expediency of a regulation rests alone with the lawmaking power."

Neither is it necessary that we should find that conditions actually exist that require the enactment of the ordinance. It is sufficient if a state of facts could exist which would justify it. As said by the Supreme Court of the United States in the case of *Munn v. Illinois,* 94 U. S., 113.: "For our purposes we must assume that if a state of facts could exist that would justify such legislation, it actually did exist when the statute now under consideration was passed. For us the question is one of power, not of expediency. If no state of circumstances could exist to justify such a statute, than we may declare this one void, because in excess of the legislative power of the State; but if it could, we must presume it did. Of the propriety of legislative interference within the scope of legislative power, the Legislature is the exclusive judge."

This ordinance is preventive in character and intended to protect the comfort, health, and safety of the citizens. As said in *Shelby v. Power Co.,* 155 N. C., 201: "Such legislation is preventive, and to limit it to cases where actual injury is shown to have occurred would be to deprive it of its most effective force. To be of value, such laws must be able to restrain acts which have a tendency to produce public injury."

A hospital may not be a nuisance *per se,* but it may become such because of its location or by reason of the manner in which it is conducted. *Hospital v. Bontjes,* 207 Ill., 553; 39 A. and E. Anno. Cases, 126, notes.

Discussing this subject, the Supreme Court of Kansas, in *Stotler v. Rochelle,* 83 Kans., 86, said: "However carefully the hospital may be constructed and however worthy the institution might be, its mere presence, which would necessarily be manifested in various ways, would make the neighborhood less desirable for residential purposes, not to the oversensitive alone, but to persons of normal sensibility."

In sustaining the validity of an act similar in its purport to the ordinance under consideration the Supreme Court of Pennsylvania said: "That the prohibition of hospitals, therefore, in crowded communities, has a real and substantial relation to the protection of the public health in general must also be admitted. Whether the relation is or is not so close as to justify the prohibition of the building of a hospital is a matter purely for legislative determination, and cannot be reviewed by this Court." *Commonwealth v. Hospital,* 198 Pa., St., 279.

In *Reinman v. Little Rock,* 237 U. S., 170, the Supreme Court said:

"Therefore, the argument that a livery stable is not a nuisance *per se* is beside the question. It is clearly within the police power of the State to regulate the business and to that end to declare that in particular circumstances and in particular localities a livery stable shall be deemed a nuisance in fact and in law provided the power is not exerted arbitrarily or with unjust discrimination so as to infringe upon rights guaranteed by the fourteenth amendment."

The same principle of law is recognized by the English courts. In *White v. Morley*, 2 Q. B., 34, it is said: "Where a thing is of a character that it can be a nuisance, then it is almost always for the local authority, which has the power to make the by-law, to say whether it shall be declared a nuisance and an annoyance in the particular locality in respect to which they make the by-laws. The court will say the by-law may be unreasonable if they think the act forbidden cannot be a nuisance; but they will not, as a rule, if they think it could be a nuisance, interfere with the discretion of the local authority as to whether or not it should be forbidden in that particular locality."

The other objection to the ordinance is that it is unduly discriminative in that it applies only to hospitals established for profit and not for charity, and thus violates the fourteenth amendment.

We are not impressed by the force of the objection. The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws. This is the rule laid down by the Supreme Court of the United States in. *Soon Hing v. Crowley*, 113 U. S., 709,

It is those restrictions imposed upon one class of persons engaged *in a particular business*, which are not imposed upon others engaged in the same business and under like conditions, that impair the equal right which all can claim in the enforcement of the laws.

In *Barbier v. Connolly*, 113 U. S., 32, *Mr. Justice Field* said: "Class legislation, discriminating against some and favoring others, is prohibited, but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment."

Upon this principle, the Supreme Court of Pennsylvania, in *Philadelphia v. Brabender*, 201 Pa. St., 574, sustained an ordinance prohibiting the casting of advertisements, handbills, and circulars into the vestibules of dwelling-houses, and did not prohibit the casting of newspapers and addressed envelopes containing advertisements.

LAWRENCE *v.* NISSEN.

The Court quoted largely from *Soon Hing v. Crowley, supra,* and said: "Nor can we see that an invidious discrimination is made against any one by the ordinance. All persons are treated alike and subject to the same restrictions. True, the ordinance exempts from its operation newspapers and addressed envelopes, but evidently not for the purpose of favoring those who advertise in that way, but because in the judgment of the municipal authorities there was not the same necessity for prohibiting the delivery of newspapers and addressed envelopes to the persons for whom they are intended in that way. This discriminates against no persons or class of persons, and surely it is not for the defendant to say that the ordinance is void because it does not prohibit other acts equally as the acts prohibited."

This Court, in *S. v. Medlin,* 170 N. C., 682, following the same line of authority, held that an ordinance permitting drug stores to remain open on Sunday and to sell cigars, tobacco, and soft drinks, was not an unlawful discrimination in favor of druggists against other persons engaged in general merchandise who sold such articles on week days, but were required to close their places of business on Sundays.

The establishment and conduct of hospitals for pay is now a recognized and established business. It is rare to find a city or town of any size without such institutions. These hospitals are generally established, owned, and conducted by members of the medical profession for their own convenience and profit. No one is engaged in the business of establishing and conducting hospitals for charity.

There are public hospitals in large cities with charity wards as well as pay wards in them, established and conducted by the municipal government or by trustees of some endowment fund donated by philanthropy, but the establishment of charitable hospitals is in no sense a recognized business.

For this reason it is probable the board of aldermen did not consider it necessary or important to embrace charity hospitals within the ordinance, deeming the erection of one by some local philanthropist a remote possibility which could be attended to in the future if application for a building pemit should be made.

The judgment of the Superior Court is
Affirmed.

WALKER and ALLEN, JJ., dissent.