15082

McCOY v. TOWN OF YORK *ET AL.*

(8 S. E. (2d), 905)

June, 1939.

*Messrs. Dunlap & Dunlap,* for appellant,

*Messrs. Hart & Moss,* for respondents,

May 9, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This appeal is from an order of Honorable A. L. Gaston, Judge of the Sixth Circuit, declaring constitutional an ordinance enacted by the town council of the Town of York, wherein and whereby it is undertaken to restrict the delivery to any retail gasoline filling station or store, where the general public is invited or trades, within the town limits of the Town of York, S. C., of any gasoline, naphtha, kerosene, distillate, oil or other inflammable or explosive oil derivatives (all of which will hereafter be referred to as petroleum products) by means of any motor vehicle, motor

truck or combination of motor truck, trailer, semi-trailer, or by any other vehicle, having a capacity of more than 1,-250 gallons, divided into compartments each containing not more than 350 gallons. The ordinance is peculiarly worded in that it declares it to be unlawful for any person, firm or corporation, to deliver to any retail gasoline filling station or store, where the general public is invited or trades, within the limits of the town, petroleum products, but provides that the ordinance shall not apply to nor restrict delivery to retail gasoline service stations or stores by or from vehicles having a capacity of not more than 1,250 gallons, divided into compartments each containing not more than 350 gallons.

The ordinance further declares it to be unlawful for any person, firm or corporation to park, or permit to remain standing upon any street or sidewalk or public alley of the Town of York, S. C., any transport truck or combination of truck, trailer or any other vehicle designed or constructed or used for the bulk transportation of petroleum products, whether the same be empty or loaded. After providing in Section 3 for a penalty for a violation of this ordinance, an additional section is added thereto, reading as follows: "That due to the menace to the public safety of life and property in the Town of York, an emergency is hereby declared to exist and this ordinance shall take effect and be in force immediately upon its passage."

There is a preamble to this ordinance which declares that because of the explosive and inflammable nature of petroleum products, and in order to protect the general public and property of the general public from the dangers of fire and explosion, the delivery of said products from a tank truck or other transporting vehicle to filling stations adjacent to the streets of York "should be conducted by persons experienced and skilled in the storage, handling and delivery of said petroleum products and should be delivered only in limited, safe and reasonable amounts at any one time and place and from a vehicle or vehicles of limited capacity,

safe construction and adopted (adapted?) to the purpose of delivery to retail filling stations or stores." The preamble also relates the danger of permitting a vehicle used for the transportation of these products to be parked or permitted to remain standing on the streets or sidewalks of York.

Only by the exemption clause of the ordinance can it be inferred that the capacity and "safe construction" of delivery vehicles has been declared as descriptive of the type of vehicle adapted to promote the safety of lives and property in the delivery of petroleum products to retail filling stations and stores. There are no regulations whatsoever pertaining to "persons experienced and skilled in the storage, handling and delivery of said oil derivatives."

The appellant, a resident of North Carolina, operates filling stations in North and South Carolina, one of the filling stations being located in the Town of York. He uses trucks, having a capacity of 3,100 gallons, to deliver gasoline to his filling stations and, as alleged in his petition, because of his ability to deliver gasoline in bulk quantities to his filling stations, he is thereby enabled to undersell his competitors in the Town of York. Appellant had been operating his filling station prior to the passage of the ordinance and upon its passage, he by way of petition asked the lower Court to declare the ordinance illegal and, during the pendency of the action, to restrain the enforcement thereof. After respondents had filed their return the matter was heard by Judge Gaston, who, in his order of June 5, 1939, declared the ordinance to be legal, valid and constitutional in all respects, but continued the injunction against the enforcement of the ordinance for and until the issues are determined by this Court.

Appellant, in his petition, alleges that his trucks are of the latest design and approved by the Underwriters Association of Insurance; that his employees are men of experience and skill in the storage, handling and delivery of gasoline and in

delivering same from his trucks. The town granted appellant a permit to install an underground tank of a capacity of 4,000 gallons and appellant alleges that to require the use of a truck with a limited capacity of 1,250 gallons, divided into compartments of not more than 350 gallons, would make it practically impossible to service his station in the usual and customary manner and would cause him to close his station and take from him his property without due process of law. He further declares that the ordinance is discriminatory in that it permits railroads to deliver within the limits of the town, tank cars of gasoline, which tank cars remain several hours in the city limits and are unloaded into above ground tanks of 30,000 to 60,000 gallons capacity, and this said quantity of gasoline is for the use of other filling stations in the Town of York. He also alleges that the ordinance is unreasonable and arbitrary.

Respondents' return alleges the passage of the ordinance in the reasonable exercise of the police authority of the Town of York, and enacted for "the purpose of securing the welfare and the preserving of the public safety, and to remove a menace to the lives of people living in the Town of York, and to remove a menace to the property adjacent to the filling station in question."

Under Section 7233, Code of Laws of 1932, cities and towns have the right to enact ordinances respecting any subject as are necessary and proper for the security and welfare of such cities and towns. The exercise of police power is expressly conferred upon municipalities by this section but the exercise of the power is subject to limitations.

The standard by which the validity of an ordinance enacted under the exercise of police power is tested is that the exercise of the power should extend only to reasonable and necessary measures. On this point we quote from 11 Am. Jur., at page 1074: " * * * Too much significance cannot be given to the word 'reasonable' in considering the scope of the police power in a constitutional sense, for the

test used to determine the constitutionality of the means employed by the Legislature is to require whether the restrictions it imposes on rights secured to individuals by the Bill of Rights are unreasonable, and not whether it imposes any restrictions on such rights. It has been said that the only limitation upon the exercise of the police power is that such exercise must be reasonable. The validity of a police regulation therefore primarily depends on whether under all the existing circumstances the regulation is reasonable or arbitrary and whether it is really designed to accomplish a purpose properly falling within the scope of the police power."

In line with this general statement of the law are the cases of *City of Columbia v. Alexander,* 125 S. C., 530, 119 S. E., 241, 32 A. L. R., 746; *Henderson v. City of Greenwood,* 172 S. C., 16, 172 S. E., 689; *Fincher v. City of Union,* 186 S. C., 232, 196 S. E., 1.

In considering the constitutionality of this police regulation we are not concerned with the matters appearing in the preamble. In *Henderson v. City of Greenwood, supra,* this Court declares (172 S. C., 16, 172 S. E., 691) : "The city insists that the ordinance comes within its police power as it appears in section 1 that the object of the ordinance is 'to further protect human life and safety.' It has never been denied that the Legislature may pass laws of a salutary nature under the general police power and that a like power may be delegated to municipalities, but even the legislative Acts and, equally so, the municipal ordinances must not go counter to constitutional provisions. The mere statement in the preamble of an ordinance that it is passed under the police power does not give a municipality carte blanche to pass an unreasonable ordinance or one opposed to the Constitution or laws of the state. *Yates v. Milwaukee,* 10 Wall., 497, 19 L. Ed., 984."

There must be a real connection between the actual provisions of a police regulation and its avowed purpose and to be valid as a legislative exercise of police power, the legislation must be clearly demanded for the pub-

lic safety, health, peace, morals, or general welfare. *Gasque, Inc., v. Nates,* 191 S. C., 271, 2 S. E. (2d), 36.

The record in this case discloses that the appellant will be the only filling station operator in the Town of York who will suffer harm by the enforcement of this ordinance. His overhead will be increased, causing him to increase the price of his gasoline to the resultant benefit of his competitors, and that appellant is therefore being discriminated against in favor of the other local filling stations.

This Court takes judicial cognizance of the dangerous qualities of gasoline and kerosene if improperly handled. The ordinance under discussion contains no measures regulating the storage of gasoline and kerosene, the method of delivery from the transporting vehicle to storage tanks, or the qualifications of persons who handle the actual transportation and delivery to the storage tanks of the petroleum derivatives, or the type and design of the transporting vehicle, other than the limitation in capacity and division into compartments. We mention the absence of these provisions in view of the contents of the preamble to more clearly show that there is no real connection between the actual provisions of the ordinance and its avowed purpose.

A judicial inquiry into the facts necessitating the passage of a statute is, as a general rule, improper, but this rule does not apply to the acts of inferior legislative tribunals, such as municipal councils. See 11 Am. Jur., page 821. An instance of this nature is the case of *City of Columbia v. Alexander, supra.* The terms of the instant ordinance declare in effect, that any vehicle, used for the transportation of petroleum products, having only one compartment is dangerous for its intended use. Is such a finding predicated upon any reasonable determination of facts? On what reasonable basis of fact lies the finding of this ordinance that any vehicle whose capacity exceeds 1,-250 gallons, and not divided into compartments of 350 gallons each, is dangerous or any more dangerous than the type

exempted in the ordinance? The town council is vested with broad powers of discretion in the passage of police regulations, but the enactment of this ordinance amounts to an abuse of discretion in that it is unreasonable and arbitrary.

The ordinance prohibits the parking of any vehicle, loaded or empty, used for the transportation of petroleum products, upon the streets of York. This provision is clearly unreasonable and arbitrary. There is no more danger attendant to the parking of an empty petroleum vehicle than an ordinary truck or automobile. And the ordinance prohibits the parking of the type of vehicle approved by the ordinance, loaded or empty, when clearly a parked vehicle is safer than one in progress.

Appellant's allegations that his trucks are of latest design and approved by the Underwriters Association of Insurance, are not denied by respondents. Yet this police regulation arbitrarily prohibits the use of the trucks by appellant in the Town of York. Police regulations must be reasonable, and based upon reason, not arbitrary or capricious. The professed object of the regulation, as set out in the preamble, is above criticism, but the effect of the ordinance, and its professed object, are not in harmony.

The appellant has the constitutional right of engaging in a lawful business, and a contractual right under license from the city to engage in the filling station business. Under the guise of public welfare, this ordinance is passed in which the inevitable and evidently intended effect is to prevent the legitimate use by appellant of his equipment in the usual and ordinary manner.

We conclude, therefore, that the ordinance in question is unreasonable and arbitrary and in violation of the constitutional rights of appellant, and is void. The order of Judge Gaston holding the ordinance legal, valid and constitutional, is reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.