16768 .

RADIO CAB CO. v. BAGBY, MAYOR, *ET AL.*

(77 S. E. (2d) 264)

*Mr. Charles W. McTeer,* of Chester, for *Appellants,*

*Messrs. Hemphill & Hemphill,* and *Strickland & Simpson,* of Chester, *for Respondents,*

July 29, 1953.

STUKES, Justice.

On September 9, 1952, the city council of Chester adopted the following amendment to its ordinance regulating the operation of taxicabs:

"Section 634-A. (1) That it shall be unlawful for any taxicab to park in any parking space in the City of Chester unless said taxicab is taking on or discharging a passenger or passengers.

"Section 2. It is the intent and purpose of this Ordinance that taxicabs shall park at their regular stands except when actually engaged in answering calls or transporting passengers.

"Section 3. Any violation of this ordinance shall be punishable by a fine of not more than One Hundred ($100.00) Dollars or by imprisonment for not more than thirty (30) days."

The city's brief on appeal contains the following construction of the ordinance, which we adopt and by which it will be bound:

"The ordinance under attack states that a taxicab shall not park in any parking space unless it is taking on or discharging a passenger or passengers. The word 'park' is in general use and with reference to motor driven vehicles means the permitting of such vehicles to remain standing on

the public highway or street while not in use. 42 C. J. 613. The ordinance plainly states that the intent and purpose of the ordinance is to require taxicabs to park at their regular stands except when engaged in answering calls or transporting passengers. There is nothing in the ordinance prohibiting the taxicabs from parking in parking spaces while waiting for a passenger that it has transported to come out of a physician's office or other place. We think that the plain meaning of the statute is that taxicabs are restricted in the use of parking spaces when said taxicabs are not in use."

The respondents, who are owners and operators of taxicabs in the city, brought this action for judgment of invalidity of the ordinance and injunction against the enforcement of it upon the allegations that it is discriminatory. against them as citizens and taxpayers and violative of the Fourteenth Amendment of the Federal Constitution because it deprives them of the use of their property upon the streets of the city without due process of law, and that it is arbitrary and would result in undue hardship, inconvenience, financial loss and irreparable injury to the plaintiffs.

The controversy was heard upon affidavits, after answer by appellants, and the court held the ordinance unreasonable and discriminatory, therefore invalid, under the authority of *City of Columbia v. Alexander,* 125 S. C. 530, 119 S. E. 241, 32 A. L. R. 746. *Huffman v. City of Columbia,* 146 S. C. 436, 144 S. E. 157, 162, was also cited, but that case is authority to the contrary; it upheld an ordinance which prescribed the routes and schedules of so-called "Jitneys," but the opinion is replete with citations of cases upholding the regulation of all forms of for-hire motor transportation over city streets. It concludes, as follows: 'The city had the right to enact and enforce the ordinance in question. No one has the inherent right to carry on his private business along the public streets. Such rights can be exercised only under such terms and conditions imposed by the city authorities. The ordinance in question is reasonable and valid."

In the *Alexander case* the ordinance, which was held invalid, forbade the operation of vehicles for hire, taxicabs and jitneys, on the principal portion of Main Street except for the discharge of passengers or picking up passengers who had previously called for the service, and required entry of the vehicles to said street, and exit therefrom, at the nearest corner. The court significantly found as follows, which sufficiently distinguishes the case from that at bar: "It cannot be denied that the enforcement of the ordinance will seriously impair, if not destroy, the defendant's lawful business. Upon its face that appears to have been the purpose of the ordinance." [125 S. C. 530, 119 S. C. 243.] No such purpose or probable result appears in the present case. It may be added that the *Alexander case* was decided by a divided court and the annotation appended to the report of it in 32 A. L. R. 752 indicates its lack of harmony in result with similar cases in other jurisdictions.

The purpose of the ordinance presently under review is plainly to require taxicabs to operate from privately owned premises or stands, although under it they may cruise the streets for prospective fares, and, of course, park to respond to calls and to discharge passengers; and to prevent the congestion by them of public parking areas. We are constrained to hold that the ordinance is not unreasonable; affidavits presented by the city tend to show that great numbers of taxicabs are now accustomed to occupy the metered parking spaces, awaiting business, and thereby inconvenience operators of private motor vehicles. This amounts to the use of the streets as a place of business, which it is not unreasonable for the city to deny by the ordinance under attack. There is no discrimination because all taxicabs are treated alike under the terms of the ordinance, and they are the only means of public transportation in the city.

The charter powers of the City of Chester, Act No. 408 of 1893, 21 Stat. 597, § 5, authorize the enactment of ordinances respecting public drays or vehicles as shall be proper, necessary or advisable for the preservation of the comfort,

health, peace, order, convenience and welfare of the citizens; and, section 7, the council may grant or refuse license to drivers of the same and may impose a license fee, etc. Additionally, section 47-61 of the Code of 1952 provides, in presently relevant effect, that cities and towns shall have power and authority to establish such rules, regulations, and ordinances respecting their streets as shall appear to them to be necessary and proper for the public welfare and convenience.

. "Ordinances which deny to automobiles used for hire parking privileges extended to motor vehicles generally have ordinarily been held valid." 5 Am. Jur. 553, Automobiles, Sec. 60. The following, relating to taxicabs is found in 60 C.-J. S., Motor Vehicles, § 49a, p. 221 : "Various ordinances relating to the matter of parking or standing have been considered not unreasonable and confiscatory or unlawfully discriminatory, notwithstanding they restrict standing or parking by taxicabs or busses while permitting the parking of automobiles by the general public on such streets, and providing for certain spaces in each business block in the restricted area where vehicles carrying freight and express for hire may stop for the loading and unloading of merchandise from the respective places of business in such blocks, * * *."

An ordinance of identical effect to that before us, of the neighboring city of Charlotte in North Carolina, was held valid in *Suddreth v. City of Charlotte,* 1943, 223 N. C. 630, 27 S. E. (2d) 650, by a well-considered opinion which is replete with supporting authorities. An earlier decision of our other adjoining State, Georgia, went practically as far. It is *Sanders v. City of Atlanta,* 1918, 147 Ga. 819, 95 S. E. 695, where the syllabus opinion of the Supreme Court was in part as follows, omitting the citation of authorities: A city ordinance providing that "no taxicab, motorbus, hack. or other vehicle for hire shall park on any street within the fire limits of the city of Atlanta longer than to discharge or take on passengers, unless in actual service, except in front of railroad stations, and except that three taxicabs or hacks,

for the exclusive use of the patrons of hotels, shall be allowed to park either in front or on the side of hotels where permission is obtained in writing from the proprietor of such hotel," and that "no hotel proprietor can give permission to park in front of any place of business occupying the store on the ground floor facing the street," etc., and providing a fine not exceeding $50.00 or imprisonment on the public works not exceeding 30 days, either or both penalties to be inflicted at the discretion of the recorder for a violation of the ordinance, is valid as against the objection that it is unreasonable and confiscatory.

The following is from *State ex rel. McAuley v. York,* 1925, 90 Fla. 625, 106 So. 418, 420: "There is a distinction between allowing the parking of ordinary vehicles by the general public along streets and allowing owners or operators of taxicabs operated for hire to appropriate a certain portion of a busy street as a location for the conduct of their private business, where their vehicles are kept in the intervals when they are not employed in the carriage of persons or property, and while awaiting, or soliciting, such employment. This distinction was long ago made, as to standing places of more primitive vehicles, to wit, stage coaches, by Lord Ellenborough in *Rex v. Cross,* 3 Camp. 224, who characterized it as 'making a stable yard of the king's highway'; nor would any unjust discrimination against the petitioner necessarily appear if the city allowed a certain reasonable space in each business block where freight-carrying vehicles could park to load and unload freight going to or from stores abutting the street."

In *East Texas Motor Freight Lines v. Loftis,* Tex. Civ. App., 1949, 219 S. W. (2d) 133, there was upheld an ordinance, under attack as here, which prohibited the parking of any bus, taxicab or the like on any street of the city of Tyler, except temporarily to take on or discharge passengers or load or unload materials. It was similarly held with respect to an ordinance which prohibited the parking of such vehicles in the entire business district of the city or town of Pow-

huska, with an unimportant, outlying section excepted, in *McGuire v. Wilkerson,* 1922, 22 Okl. Cr. 36, 209 P. 445.

Upon the reasoning and authority of the cited decisions and the citations to be found in them, the judgment under review is reversed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.