### 21295
CITY OF CHARLESTON, Appellant, v. John Clifton ROBERSON, Respondent.

(269 S. E. (2d) 772)

---

*William B. Regan* and *Robert N. Rosen,* Charleston, *for appellant.*

*Stephen T. Schachte* and *A. Perritt Rollins, Jr.,* Charleston, *for respondent.*

September 4, 1980.

NESS, Justice:

Appellant City of Charleston appeals from an order invalidating a municipal ordinance and reversing respondent John Clifton Roberson's conviction for its violation. We reverse.

Pursuant to § 5-7-30, Code of Laws of South Carolina (1976), the Charleston City Council adopted an ordinance that mule or horse drawn sightseeing vehicles be prohibited

from operating on all or part of eight streets in the City's historic district.[1] Respondent, who was then engaged in the business of operating horse drawn carriage tours in the affected area, violated the ordinance. He was convicted in municipal court but, on appeal the county court ruled the ordinance unconstitutional and reversed his conviction.

The City of Charleston asserts the county court erred in holding the ordinance unreasonable and an undue interference with respondent's right to operate a lawful business. We agree.

" 'No one has the inherent right to carry on his private business along the public streets. Such rights can be exercised only under such terms and conditions imposed by the city authorities.' " *Radio Cab Co. v. Bagby,* 224 S. C. 28, 31, 77 S. E. (2d) 264 (1953), quoting *Huffman v. City of Columbia,* 146 S. C. 436, 450, 144 S. E. 157, 162 (1928). While the courts of this State may review these terms and conditions to determine whether they are in fact reasonable and not arbitrary, *Hall v. Bates,* 247 S. C. 511, 148 S. E. (2d) 345 (1966), this power is not plenary but limited.

"[T]he power to declare an ordinance invalid because it is so unreasonable as to impair or destroy constitutional rights is one which will be exercised carefully and cautiously, as it is not the function of the Court to pass upon the wisdom or expendiency of municipal ordinances or regulations." *Bob Jones University, Inc. v. City of Greenville,* 243 S. C. 351, 360, 133 S. E. (2d) 843, 847 (1963), cert. den., 378 U. S. 581, 84 S. Ct. 1913, 12 L. Ed. (2d) 1036 (1964).[2]

---

[1] Ordinance No. 1978-33 (April 11, 1978).

[2] The standard of review established in *City of Columbia v. Alexander,* 125 S. C. 530, 119 S. E. 241 (1923), 32 ALR 746 (1923), and its progeny, upon which respondent relies, was implicitly disavowed in *Radio Cab Co. v. Bagby,* supra, and does not represent the better view. *See generally, City of New Orleans v. Dukes,* 427 U. S. 297, 96 S. Ct. 2513, 49 L. Ed. (2d) 511 (1976); *City of Columbia v. Alexander, supra,* 125 S. C. at 541, 119 S. E. 241, 32 ALR 752 (dissenting opinion); McQuillin on Municipal Corporations § 19.05 *et seq.*

The expressed purpose of the ordinance was to relieve traffic congestion. The director of appellant's department of Traffic and Transportation, whose expertise was not contested, testified the presence of slow-moving horse or mule drawn sightseeing vehicles had a negative effect on traffic flow. Respondent conceded these vehicles are slower and less maneuverable than automobiles and often block traffic on narrow streets.[3] Moreover, he conceded the ordinance did not adversely affect his business profits[4] and there were other areas of historic interest totally unaffected by the ordinance in which he did not conduct tours. In fact even if the ordinance depreciated the value of respondent's property, this factor would not be sufficient to establish its invalidity. *City of St. Paul v. Chicago, St. Paul, Minneapolis and Omaha Railway Co.*, 413 F. (2d) 762, 767 (8th Cir. 1969), cert. denied, 396 U. S. 985, 90 S. Ct. 478, 24 L. Ed. (2d) 449 (1969).

Respondent also contends the operation of this ordinance interferes with his right to operate a lawful business under a license or contract he allegedly has with the City of Charleston. There is nothing in the record to indicate the respondent had any license or contract with the appellant. In fact, he testified, "he had no written or oral contract with the City."

On the basis of these facts, we can only conclude respondent failed to carry his burden of proving the ordinance was not a reasonable means of achieving its expressed purpose. We hold the county court erred both in going beyond the facts appearing in the record and substituting its own judgment as to the wisdom of the ordinance for that of appellant's governing body.

---

[3] Respondent estimated none of the affected streets were more than twenty-two feet wide and most had on street parking.

[4] Cf. compare, e. g., *City of Columbia v. Alexander, supra,* note 2; *Henderson v. City of Greenwood,* 172 S. C. 16, 172 S. E. 689 (1934); *Fincher v. City of Union,* 186 S. C. 232, 196 S. E. 1 (1938); *McCoy v. Town of York,* 193 S. C. 390, 8 S. E. (2d) 905 (1940).

The order appealed from is reversed and respondent's conviction reinstated.

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concurr.