23694

*CAPTAIN SANDY'S TOURS, INC.*, Appellant v. GEORGETOWN COUNTY BUILDING OFFICIAL, Respondent. Sandy VERMONT, and Captain Sandy's Tours, Inc., a Corporation, Appellants v. The COUNTY OF GEORGETOWN, South Carolina, Respondent.

(423 S.E. (2d) 99)

Supreme Court

*D.W. Green, Jr.*, of *Green and Sasser*, Conway, *for appellants.*

*Jack M. Scoville, Jr.*, Georgetown, *for respondent.*

Heard June 5, 1992; Decided Aug. 10, 1992.

Reh. Den. Aug. 10, 1992.

TOAL, Justice:

In both of these actions, Appellant ("Captain Sandy") sought to enjoin Georgetown County from prohibiting the commercial use of county boat landings. The Circuit Court refused to enjoin the county in both actions. After oral argument, the county filed a motion to dismiss. The county's motion to dismiss is hereby denied. We affirm the orders of the Circuit Court; and, we consolidate the appeals for the purpose of this opinion pursuant to Rule 213, SCACR.

## FACTS

Sandy Vermont ("Captain Sandy") has operated various water-related businesses in Georgetown County since 1975.

In June of 1991, Captain Sandy began operating a tour boat from Hagley Landing in Georgetown County. Hagley Landing is located in an area of Georgetown County zoned for residential use only. On June 17, 1991, the county issued a Stop Work Order. Captain Sandy then applied to the Zoning Board for a variance which would allow him to continue to operate his tour boat from Hagley Landing. The board denied Captain Sandy a permit. Captain Sandy appealed that order to the Circuit Court asking the Circuit Court to enjoin the county from preventing the operation of the tour boat from Hagley Landing. On September 11, 1991, the Circuit Court denied Captain Sandy's motion.

On September 10, 1991, the county passed an ordinance which prohibited the "loading or unloading of any cargo or passengers for hire or compensation." Georgetown County Ordinance No. 91-30 (1991). Captain Sandy filed suit in Circuit Court challenging the validity of that ordinance and seeking a temporary injunction prohibiting the enforcement of the ordinance against his tour boat operations at Georgetown County landings. On October 10, 1991, the Circuit Court denied Captain Sandy's request for an injunction. In separate appeals, Captain Sandy challenges both orders.

### LAW/ANALYSIS

Captain Sandy challenges Georgetown Ordinance No. 91-30 on several grounds. First, Captain Sandy claims that the ordinance violates S.C. Const. Art. XIV § 4[1] and S.C. Code Ann. § 49-1-10 (1976),[2] Georgetown County Or-

---

[1] All navigable waters shall forever remain public highways free to the citizens of the State and the United States without tax, impost or toll imposed; and no tax, toll, impost or wharfage shall be imposed, demanded or received from the owners of any merchandise or commodity for the use of the shores or any wharf erected on the shores or in or over the waters of any navigable steam unless the same be authorized by the General Assembly.

[2] All streams which have been rendered or can be rendered capable of being navigated by rafts of lumber or timber by the removal of accidental obstructions and all navigable watercourses and cuts are hereby declared navigable streams and such streams shall be common highways and forever free, as well to the inhabitants of this State as to citizens of the United States, without any tax or impost therefor, unless such tax or impost be expressly provided for by the General Assembly. If any person shall obstruct any such stream, otherwise than as in Chapters 1 to 9 of this Title provided, such person shall be guilty of a nuisance and such obstruction may be abated as other public nuisances are by law.

dinance No. 91-30 in no way interferes with Captain Sandy's right to freely use the navigable waters of this Sate. Thus, the ordinance does not violate S.C. Const. XIV and S.C. Code § 49-1-10 (1976). *See also The Huntsville,* Fed. Case No. 6916 (D.C.S.C. 1860).

Captain Sandy relies on *Tyler v. Guerry,* 251 S.C. 120, 160 S.E. (2d) 889 (1968) and *State v. Randall,* 1 Strob. 110 (1846) for the following proposition: "A road to a river, does not differ from a road to any other highway," *State v. Randall,* at 111, and "[a] landing is a place on a river or other navigable water for lading and unlading goods, or for the reception and delivery of passengers." *Tyler,* at 124, 160 S.E. (2d) at 890 (quoting *State v. Randall,* 1 Strob. 110, 111 (1846)). There is no question here that the landings regulated by the ordinance are public in nature. The question then becomes to what extent can the county regulate its landings? At oral argument, Captain Sandy's attorney admitted, as he must, that the county can regulate the use of its landings. He claimed, however, that the prohibition of certain commercial uses of the landing was unreasonable.

> No one has the inherent right to carry on his private business along the public streets. Such rights can be exercised only under such terms and conditions imposed by the city authorities. [citations omitted]. . . . [I]t is not the function of the Court to pass upon the wisdom or expediency of municipal ordinances or regulations. [Citations omitted.]

*City of Charleston v. Roberson,* 275 S.C. 285, 287, 269 S.E. (2d) 772, 773 (1980).

Here, the county determined that there was a substantial increase in the use of the public boat landings in Georgetown County. The increased use of the landings resulted in overcrowding, inadequate parking, additional littering and safety hazards. In order to alleviate these problems, the county determined that the public boat landings should be used solely for the purpose of launching and retrieving watercraft. Under these facts, we find the ordinance is reasonable and therefore valid. Thus, the Circuit Court properly denied Captain Sandy's motion for a preliminary injunction.

Captain Sandy also challenges the ordinance on the ground

that the ordinance takes his property without due process of law. The basis of Captain Sandy's claim is that his profits will be reduced because of the increased gasoline cost incurred because he must use another landing. We dispose of this issue under SCACR 220(b)(1) and the following authority: *South Carolina State Highway Dept. v. Carodale Assoc.*, 268 S.C. 556, 235 S.E. (2d) 127 (1977) (no private vested right in particular use of government property); *Rothschild v. Richland County Board of Adjustment*, — S.C. —, 420 S.E. (2d) 853 (1992) (ordinance not constitutionally invalid merely because business costs increase).

In the second action, Captain Sandy appeals the Circuit Court order refusing to enjoin the county from prohibiting Captain Sandy from using Hagley Landing for his tour boat business. Because Georgetown Ordinance No. 91-30 is valid and includes Hagley Landing, this issue is moot.

We affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, J.J., concur.